## ACHILLI *v.* UNITED STATES.

Nos. 430 and 834.  Argued May 2, 1957.—Decided May 27, 1957.

*Peter B. Atwood* argued the cause and filed a brief for petitioner.

*Assistant Attorney General Rice* argued the cause for the United States.  With him on the brief were *Solicitor General Rankin, Philip Elman, Andrew F. Oehmann* and *Joseph M. Howard.*

Briefs of *amici curiae* supporting petitioner were filed by *Peyton Ford, Alan Y. Cole* and *James C. Herndon* for Davis, and *Jacob Kossman* and *Frederick Bernays Wiener* for Binion, in Nos. 430 and 834, and *Carl J. Batter, pro se,* in No. 430.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

Petitioner was charged in a three-count indictment under § 145 (b) of the Internal Revenue Code of 1939 with the felony of wilfully attempting to evade federal

income taxes by filing a false return.[1] Upon conviction, he was sentenced to concurrent two-year prison terms and was fined $2,000 on each count. The Court of Appeals for the Seventh Circuit reversed the conviction on count one, but affirmed the convictions on counts two and three. 234 F. 2d 797. We granted certiorari limited to a question of general importance in the enforcement of the income tax, namely, whether petitioner could be prosecuted and sentenced under § 145 (b) for an offense claimed by him to be punishable also under § 3616 (a) of the Internal Revenue Code of 1939. 352 U. S. 1023.[2]

The threshold question is whether the conduct for which petitioner was convicted was an offense under

---

[1] "SEC. 145. PENALTIES.

"(a) FAILURE TO FILE RETURNS, SUBMIT INFORMATION, OR PAY TAX.—Any person required under this chapter to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this chapter, who willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution.

"(b) FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO DEFEAT OR EVADE TAX.—Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution." 53 Stat. 62–63.

[2] By the time certiorari was granted, petitioner's sentence had been reduced by the District Court to concurrent one-year prison terms and to a fine of $1,000 on each of the two affirmed counts. For further details of the history of the case, see 352 U. S. 916 and 353 U. S. 909.

§ 3616 (a). That section made it a misdemeanor for any person to deliver to the Collector "any false or fraudulent list, return, account, or statement, with intent to defeat or evade the valuation, enumeration, or assessment intended to be made . . ." and provided maximum penalties of one year in prison and a $1,000 fine, together with the costs of prosecution. 53 Stat. 440. If the wilful filing of a false income tax return was not embraced by § 3616 (a), petitioner's case falls, and discussion of other issues becomes unnecessary.

Unlike § 145 (b), which appeared in the income tax chapter of the 1939 Code and was specifically and restrictively designed to punish evasion of that tax, § 3616 (a) was placed among the Code's "General Administrative Provisions" and was general in scope. Failure explicitly to exclude evasion of the income tax from the scope of § 3616 (a) is urged as ground for its inclusion, thereby making it a misdemeanor to file a false return with intent to evade the income tax, despite the specific felony provision of § 145 (b).

As long ago as 1926 it was the Government's position that the predecessor of § 145 (b) effectively repealed § 3616 (a)'s applicability to income tax evasion. See brief for the United States in *United States* v. *Noveck,* 273 U. S. 202, pp. 16–19. To be sure, during the last five years, the Government prosecuted a small number of minor offenses, we are told less than seven per cent of the criminal income tax evasion cases involving the filing of false returns, as misdemeanors under § 3616 (a). More recently, a series of cases brought the relation of § 145 (b) to § 3616 (a) into focus and called for an interpretative analysis of the history of these sections in order to ascertain their respective functions. And so now, for the first time, has the Government made a detailed survey of the problem of alleged overlapping between § 3616 (a) and § 145 (b).

Section 3616 (a) goes back to the Act of 1798, 1 Stat. 580, 586, when excise taxes and customs duties were the main sources of federal revenue. Being general in scope, this section, as successively re-enacted, was applicable to the first federal taxes on income, from 1861 to 1871, and again in 1894; there were no separate provisions for punishing income tax evasions. See, *e. g.,* the Act of 1861, 12 Stat. 292, 309; the Act of 1894, 28 Stat. 509, 553.

A different story begins with the income tax legislation that followed the passage of the Sixteenth Amendment. Section II of the Revenue Act of 1913, 38 Stat. 114, 166, contained its own criminal sanction. Section II (F) proscribed the making of a false return with intent to evade the income tax, an act that would otherwise have been punishable under what was then § 3179 of the Revised Statutes of 1874, the immediate predecessor of § 3616 (a). The offense would have been a misdemeanor under either statute. But § II (F) provided a maximum fine of $2,000 while § 3179 only permitted a fine of up to $1,000. It seems clear that § II (F) displaced § 3179. Such implied repeal, *pro tanto,* is further demonstrated by the fact that §§ 3167, 3172, 3173 and 3176 of the Revised Statutes, related provisions in the enforcement of the revenue laws, were specifically incorporated, as modified, into § II, but § 3179 was not. Nor was it incorporated by reference; § II (L) made applicable only those administrative and general tax provisions "not inconsistent with the provisions of this section," and § 3179 was obviously inconsistent with § II (F).

The Revenue Act of 1916, 39 Stat. 756, 775, and the Act of 1917, 40 Stat. 300, 325, offer further evidence that Congress withdrew the income tax from the reach of the general provisions of § 3179. Both of those Acts imposed income taxes, proscribed the making of false returns as a misdemeanor, and punished that offense more severely

than did § 3179.[3]  In addition to its specific prohibition of false returns, the 1917 Act made it an offense to evade or attempt to evade taxes imposed by it, thereby using for the first time language similar to that subsequently found in § 145 (b).

In an effort to escape the effect of the scheme for punishing income tax evaders set forth in the 1913, 1916, and 1917 statutes, petitioner claims that the Revenue Act of 1918 made § 3179 again applicable to the income tax. Section 253 of Title II, the income tax title, provided in pertinent part:

"Any individual . . . who willfully refuses to pay or collect such [required] tax, to make such return, or to supply such information at the time or times required under this title, or who willfully attempts in any manner to defeat or evade the tax imposed by this title, shall be guilty of a misdemeanor and shall be fined not more than $10,000 or imprisoned for not more than one year, or both . . . ."   40 Stat. 1057, 1085.

Despite § 253's addition of the words "in any manner" to the "attempts" clause of the 1917 Act, petitioner contends that the failure of § 253 to single out the making of false returns with intent to evade must be attributed to a congressional determination that this particular mode of income tax evasion should be punished under § 3179. Plainly enough, such a reading of the Act is untenable. We cannot hold that the classic method of evading the income tax, the filing of a false return, did not constitute an attempt "in any manner to defeat or evade" that tax. This would empty those words of their most obvious con-

---

[3] The 1916 Act provided the same punishment as the Act of 1913. The 1917 Act provided, in addition to the maximum penalties set forth in § 3179, a penalty of double the tax evaded.

tent and would produce glaring incongruities. It would mean that Congress, having manifested its desire in the previous revenue laws to punish this offense more harshly than did § 3179, inexplicably reversed itself in an Act that heavily increased the punishment for all other forms of obstruction to the income tax. And it would mean that Congress provided a lesser penalty for the making of false returns with intent to evade than for either wilful refusal to file, which is usually considered to be a lesser offense, or refusal to file when combined with affirmative acts of evasion such as keeping a double set of books. An explanation of the omission more in harmony with the rational system of tax administration that was the congressional design is that Congress merely tried to speak economically in 1918 and, having prohibited "attempts in any manner" to evade the income tax, found it unnecessary also to proscribe the major kind of attempt.

This interpretation gains further support from the Act of 1924, 43 Stat. 253, 343, which made the last significant alteration of the statutory scheme prior to the 1939 codification. Section 1017 (a), subsequently § 145 (a) of the Code, continued the wilful failure to make returns, supply information or pay taxes as a misdemeanor carrying a penalty of up to one year in prison and a $10,000 fine. Section 1017 (b), the future § 145 (b), made it a felony, with a maximum penalty of five years in prison and a $10,000 fine, to attempt "in any manner to evade or defeat any tax imposed by this Act." And § 1017 (c), later § 3793 (b)(1) of the Code, created a new offense, which made it a felony, with a maximum penalty of five years in prison and $10,000 fine, for any person wilfully to assist in the preparation of a false return. Thus the 1924 Act, by increasing the punishment for affirmative acts of evasion, made even more pronounced one of the indicated anomalies that petitioner's view would impose. In addition, § 1017 (c) requires petitioner to impute to Congress

a desire to punish one who assisted in preparing a false return much more severely than one who actually made the return with intent to evade.

Our duty is to give coherence to what Congress has done within the bounds imposed by a fair reading of legislation. In *Spies* v. *United States,* 317 U. S. 492, the dominant consideration in the Court's unanimous decision relating § 145 (b) to § 145 (a) was the avoidance of incongruities analogous to those that would result from petitioner's reading of the sections before us. The evolution of those sections makes clear that by the time the unconfined language of § 3179 became § 3616 (a) of the 1939 Code, its scope had been shrunk by a series of specific enactments that had the potency of implied repeals. Due regard for appropriate statutory construction calls for such a conclusion in order to harmonize an earlier, generalized statute with later *ad hoc* enactments expressly directed to the collection of income taxes.

In view of our conclusion that § 3616 (a) did not apply to evasion of the income tax, it becomes unnecessary to consider other contentions advanced by petitioner.

*Affirmed.*

The Chief Justice and Mr. Justice Clark concur in the result.

Mr. Justice Douglas, with whom Mr. Justice Black concurs, dissenting.

I do not see how we can say that Congress withdrew the income tax from the reach of § 3616 (a). In the 1939 Internal Revenue Code that section was part of Subchapter B, "Determination of Tax Liability," which was a part of Chapter 34, "Information and Returns," which in turn was part of Subtitle D, "General Administrative Provisions." Section 61 made applicable to the income tax

provisions "All administrative, special, or stamp provisions of law, including the law relating to the assessment of taxes, so far as applicable . . . ." These administrative provisions include the chapter and subtitle of which § 3616 (a) is a part. And by its terms § 3616 (a) applies to "any" return. Plainly then, Congress in 1939 considered § 3616 (a) an instrument for enforcing the income tax.

It takes mental gymnastics to bring this crime out from under § 3616 (a) and to place it exclusively under § 145 (b). I would not make the penal consequences of an Act turn on a construction so tenuous. I rebel against it, especially because the construction now adopted sweeps the ground out from under dozens of criminal convictions which the Government has obtained under § 3616 (a). Between October 1952 and March 1957 (when the Government first suggested to this Court that § 3616 (a) was inapplicable to the income tax), it invoked § 3616 (a) in 175 cases of alleged income tax evasion. It chose § 3616 (a), rather than § 145 (b), where it appeared that the crime was a relatively minor one. Of these 175 cases, 38 remain undisposed of. Of the 133 that went to trial, 117 resulted in pleas of guilty and 9 in pleas of *nolo contendere.* Seven defendants went to trial, of whom 5 were acquitted and 2 convicted. Of the 128 convicted persons, 26 were sentenced to imprisonment, the rest being fined or given probation or suspended sentences. Seven of the convicted persons who were sentenced are still incarcerated.

Now it appears that the Government dealt unlawfully with this group of citizens. Those who were convicted on indictments might have to be resentenced. Those who were convicted on informations must be released.

It is no answer to say that the result is "a break" for these defendants. From the statistics submitted to us by the Government it appears that many of these cases

were so minor it is difficult to imagine a grand jury returning indictments on them.

I would adhere to the administrative construction that § 3616 (a) applied to the income tax. Congress apparently was of that view. For when it came to the Internal Revenue Code of 1954, it re-enacted § 3616 (a) as § 7207, eliminating the words "with intent to defeat or evade" which had caused the overlap with § 145 (b). Congress acted, of course, prospectively.

The fact that Congress acted in 1954 to remove the ambiguity with which we deal today indicates that what we do is not within the judicial competence.