**UNITED STATES of America ex rel. L. B. BINION**

v.

**William A. O'BRIEN, United States Marshal for the Eastern District of Pennsylvania, Appellant.**

**No. 12891.**

United States Court of Appeals Third Circuit.

Argued Oct. 6, 1959.

Decided Dec. 9, 1959.

Rehearing Denied Jan. 28, 1960.

Eugene N. Barkin, Washington, D. C. (W. Wilson White, Asst. Atty. Gen., Harold K. Wood, U. S. Atty., Philadelphia, Pa., Harold H. Greene, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Leon H. Kline, Philadelphia, Pa. (Jacob Kossman, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

STALEY, Circuit Judge.

This is an appeal by the government from the grant by the district court of a writ of habeas corpus. It presents the unique problem of a relator who asserts that he is entitled to credit on his sentence for the period he was subjected to supervision by a federal probation officer while on bail from that sentence.

The relator, Binion, was indicted for evasion of his income tax for the year 1949 in violation of Section 145(b) of Title 26 U.S.C., 26 U.S.C.A. (1939) § 145(b). He entered a plea of nolo contendere in the United States District Court for the District of Nevada on September 3, 1952, and was sentenced to pay a fine, which was duly paid, and placed on probation for a period of five years from September 3, 1952, to September 3, 1957. The probation was conditional upon Binion's reporting every sixty days to the federal probation officer, and there was no violation of any of the conditions of the probation.

Thereafter, on December 14, 1953, Binion pleaded guilty to two indictments charging income tax evasion for the years 1947 and 1948. He was fined $20,-000 and sentenced to three imprisonment terms of five years each, to run concurrently, and to be followed by probation for three years. Service of the sentences commenced the same day, when he was committed to the custody of the Marshal for the Western District of Texas.

After serving more than two and one-half years in the United States Penitentiary at Leavenworth, Kansas, Binion filed a motion for correction of his sentence pursuant to 28 U.S.C. § 2255. This motion was denied, and an appeal was taken to the United States Court of Appeals for the Fifth Circuit. Action on the appeal was deferred on September 22, 1956, pending the decision of the Supreme Court in Achilli v. United States, 1957, 353 U.S. 373, 77 S.Ct. 995, 1 L.Ed. 2d 918. One month later Binion made application to the district court for release on bail, and his request was denied. Subsequently, on February 14, 1957, the court of appeals also denied his request. Four days later he made application to the Supreme Court, and on March 11, 1957, the Supreme Court admitted him to bail, pending disposition of the Achilli case, upon a bond in the sum of $25,000. The bond having been posted, the United States District Court for the Western District of Texas on March 18, 1957, ordered Binion released, and he was released the following day. At the time of his release he had three months and twenty days remaining to serve on the Texas sentence in order to be eligible for mandatory release.

On March 21, 1957, Binion reported to the Chief United States Probation Officer in Las Vegas, Nevada, and continued to report to him until ordered back to the penitentiary. The Nevada probation order had required him to report to the probation officer every sixty days from September 3, 1952, until September 3, 1957. While free on bail, in addition to the conditions of probation imposed by the Nevada sentence, Binion was required by the probation officer to report by personal contact not less than once a week, and he did so.

The Supreme Court handed down its decision in Achilli v. United States, 353 U.S. 373, 77 S.Ct. 995, 1 L.Ed.2d 918, on May 27, 1957. In accordance therewith the court of appeals affirmed the district court's denial of the motion to correct Binion's sentence, Binion v. United States, 5 Cir., 1957, 245 F.2d 466. Binion then filed a petition for writ of certiorari which was denied on October 14, 1957, 355 U.S. 834, 78 S.Ct. 53, 2 L.Ed.2d 45. Two days later he surrendered to the United States Marshal at Philadelphia. However, on the same day, he filed a petition for writ of habeas corpus and was released on October 17 on $5,000 bail pending decision thereon.

The district court found that the Nevada probation officer required relator to report in the same manner as a parolee from March 19 to October 23, 1957, a period far greater than the three months and eighteen days remaining to be served on his sentence of imprisonment.[1] Recognizing that parole is an ameliorated imprisonment, the court was of the opinion that Binion earned confinement time unless there were other factors in the case that would alter the effect of the reporting. The most important "other factor" considered by the district court was Binion's status while out on bail. On this point the district court concluded that "when relator was released on bond by order of the Supreme Court he was under no restraint other than the usual limitation of action imposed on one released on bail." Accordingly, the petition for writ of habeas corpus was granted.

■ The rule which calls upon an appellate court to support findings of fact of a district judge unless clearly erroneous, Fed.R.Civ.Proc. Rule 52(a), 28 U.S.C., is inapplicable insofar as it is bottomed upon the trial court's opportunity to observe the demeanor of the witnesses, for the case was submitted on briefs and documents. See United States v. United Steelworkers of America, 3 Cir., 1959, 271 F.2d 676. In addition, our review of the ultimate facts is not in any way circumscribed by the clearly erroneous rule.

■ Initially, we must consider Binion's status when placed on bail by the Supreme Court. We cannot agree with the district court that Binion, when enlarged on bond, was under no restraint other than the usual limitations of one so freed. On the contrary, Binion at that time, March 19, 1957, and until September 3, 1957, was a probationer under the Nevada sentence which clearly required reporting to his probation officer. To ignore the explicit terms of the Nevada sentence would be clearly unwarranted. It is true that, while incarcerated, he was not required to affirmatively report, for in fact he could not do so. However, upon release, the terms of his probation became operative, and he had a duty to report, for the Supreme Court's action on his request for bail did not purport to affect his status as a probationer under the Nevada sentence, but rather only went to his status under the Texas sentence. In essence, Binion desires double credit—for completion of his probation and completion of his sentence of imprisonment for the same reporting to or contact with his probation officer. Since he had a duty to report under the Nevada probation order until September 3, 1957, he cannot be given credit on his later sentence for reporting done prior to that date. The frequency of the reporting during this period does not create a different status as does a requirement to report when there is no duty to report at all.

■ This brings us to the period of reporting required by the probation officer following termination of the probation, that is, September 3, 1957, through October 23, 1957. The probation officer requested instructions from the Parole

---

1. It is agreed that Binion should be credited with the two days he spent in jail in Philadelphia after surrendering to the Marshal, October 16 and 17, 1957. This reduces the remaining time from three months and twenty days to three months and eighteen days.

Board Executive in Washington with regard to Binion's status and while awaiting instructions required Binion to continue reporting.[2] As to this period of one month and twenty days, the conclusion of the district court which we have considered above is most apt. Binion had no duty to report and was under no restraint other than that imposed on one released on bail. Regardless, he was required by the probation officer to continue to report weekly.

The district court found that Binion reported in the same manner as a parolee or a person who was conditionally released for supervision. This finding is based in part upon the statement of the probation officer that "Binion reported to me in the same manner as I would require a parolee or C.R. [conditional releasee] to report for supervision." The court, recognizing that Binion was not on parole de jure, nevertheless concluded on the facts that he was on parole de facto.

The government does not question that parole is in legal effect imprisonment, albeit an ameliorated form thereof, Anderson v. Corall, 1923, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; Jenkins v. Madigan, 7 Cir., 211 F.2d 904, certiorari denied 1954, 348 U.S. 842, 75 S.Ct. 63, 99 L.Ed. 664, but contends that the status of parole can only be created through the procedures laid down in statutes and regulations. Certainly, this is the case as regards parole de jure. This argument, however, begs the question, for the real issue is whether Binion should be credited with the period during which he was restrained by an officer clothed with the apparent authority to do so.

The government attempts to distinguish the actions of the probation officer here from those of the marshals or wardens in the following cases where credit was given for improper action taken by them. Smith v. Swope, 9 Cir., 1937, 91

F.2d 260; Albori v. United States, 9 Cir., 1933, 67 F.2d 4; White v. Pearlman, 10 Cir., 1930, 42 F.2d 788; Price v. McGuinness, 3 Cir., 1920, 269 F. 977; United States v. Jones, D.C.Md.1957, 147 F. Supp. 268; In re Jennings, C.C.E.D.Mo. 1902, 118 F. 479. No logical distinction can be drawn between these cases and that at bar. They stand for the proposition that where an individual's liberty is restrained by the act of an officer of the United States having authority to exercise restraint, such individual is entitled to credit for the period of that restraint towards service of his sentence. The probation officer here had actual authority by virtue of the Nevada sentence to require Binion to report during the period of that sentence, i. e., until September 3, 1957. Thereafter, since Binion no longer had the status of a probationer, the officer was devoid of authority to require further reporting. Nevertheless he required relator to do so until October 23, 1957. Based upon the cases cited supra, it appears to us that Binion is entitled to credit on his Texas sentence of imprisonment for that period during which he was required to report following expiration of his Nevada sentence of probation, since his status then was solely that of one released on bail.

The cases cited by the government in regard to estoppel completely fail to support its position, for they involve contract considerations and, of course, are not applicable here where an individual's liberty is at issue. Likewise, Binion's contention that he has a right not to serve his sentence in instalments is hardly persuasive, for it was his action, vigorously contested by the government, that resulted in his release on bail. We have considered the other points raised by the parties but find them to be insubstantial.

In accordance with the foregoing opinion, the judgment of the district court will be reversed.

2. The Parole Board failed to reply to this letter of September 19, 1957, until October 21, 1957 (received by the probation officer on October 23, 1957). The letter indicated that Binion was not reporting pursuant to any order or request by the Board and that he was not in the custody of the Attorney General while free on bail.