**UNITED STATES of America ex rel. L. B. BINION, Appellant,**

v.

**UNITED STATES MARSHAL FOR the DISTRICT OF NEVADA, Appellee.**

No. 17179.

United States Court of Appeals Ninth Circuit.

June 26, 1961.

Rehearing Denied Aug. 4, 1961.

Harry E. Claiborne, Las Vegas, Nev., Jacob Kossman, Philadelphia, Pa., for appellant.

John Doar, Acting Asst. Atty. Gen., Harold H. Greene, Eugene N. Barkin, Attys., Dept. of Justice, Washington, D. C., Howard W. Babcock, U. S. Atty., Reno, Nev., for appellee.

Before HAMLIN, JERTBERG and MERRILL, Circuit Judges.

HAMLIN, Circuit Judge.

On July 12, 1960, L. B. Binion, appellant herein, was taken into custody by the United States Marshal for the District of Nevada, appellee herein, upon a judgment and commitment entered in the United States District Court for the Western District of Texas on December 14, 1953. On the same day appellant filed a petition for a writ of habeas corpus in the United States District Court for the District of Nevada in order to test the validity of his detention, and he was immediately released on bail. On November 9, 1960, the district court discharged the writ, and on November 10th appellant appealed to this court.[1]

The record discloses an undisputed, but yet complicated, factual situation. On September 3, 1952, appellant entered a plea of nolo contendere in the United States District Court for the District of Nevada to an indictment charging income tax evasion for the year 1949. He was sentenced to pay a fine of $15,000, the imposition of a prison sentence was suspended, and he was placed on probation for five years.

On December 14, 1953, in the United States District Court for the Western District of Texas, appellant pleaded guilty to two indictments charging income tax evasion for the years 1947 and 1948. A fine of $20,000 was imposed, and he was sentenced to three concurrent terms of five years each to be followed by probation for three years. He commenced the service of the sentences on December 14, 1953.

In August, 1956, appellant filed a motion under 28 U.S.C.A. § 2255 to correct the Texas sentences, alleging that they were excessive. The district court denied this motion and an appeal was taken to the Court of Appeals for the Fifth Circuit.[2] On March 11, 1957, upon the application by appellant, the Supreme Court granted his release on bail pending

---

1. The district court had jurisdiction under the provisions of 28 U.S.C.A. § 2241, and this court has jurisdiction of the appeal under the provisions of 28 U.S.C.A. § 1291.

2. At that time United States v. Achilli, 7 Cir., 1956, 234 F.2d 797, which involved the same question, was pending before the United States Supreme Court; and the Fifth Circuit entered an order de-

final decision. Accordingly, on March 19th appellant was released on $25,000 cash bail. On that day, according to appellee, there remained 3 months 27 days to be served on the Texas sentences prior to eligibility for mandatory release under the provisions of 18 U.S.C.A. § 4164.[3]

On June 28, 1957, the Court of Appeals for the Fifth Circuit affirmed the district court's denial of appellant's motion to correct sentence,[4] and the Supreme Court subsequently denied certiorari.[5] On October 16, 1957, appellant surrendered to the United States Marshal at Philadelphia, Pennsylvania, and on the same day he filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. He was released on bail in the sum of $5,000 pending hearing on the petition, an order to show cause why the writ should not be granted having been issued.

At the time of the hearing on the order to show cause, sixteen exhibits and a stipulation signed only by appellant's counsel were admitted into evidence, no witnesses being called by either side. From these exhibits and the stipulation it appeared that appellant, upon his release on bail on March 19, 1957, reported to the probation officer for the District of Nevada in accordance with the order of the United States District Court for Nevada made September 3, 1952, placing appellant on probation for five years and requiring him to report once every 60 days. The probation officer requested appellant to report once a week, a request with which appellant complied. On September 3,

1957, the five-year probation period terminated and on September 13, 1957, an order to that effect was signed by the district court. The probation officer, nevertheless, instructed Binion to continue reporting weekly, pending clarification of his status. On September 19, 1957, the probation officer wrote to the United States Board of Parole stating that appellant was continuing to report to him and requesting information as to his status. The Board of Parole replied on October 21, 1957, advising that appellant was not reporting pursuant to any order or request by the Board; that he was not in the custody of the Attorney General while free on bail; and that, consequently, there was no requirement by the Board that he report to the probation officer. Binion was advised of this communication on October 23 and did not report thereafter.[6]

On the basis of this evidence, the District Court for the Eastern District of Pennsylvania held that appellant should be given credit on his sentence for the period from March 19, 1957, to October 23, 1957, and that therefore appellant's sentence had been completed, and he was entitled to be released. Accordingly, on December 22, 1958, the district court signed an order discharging appellant from custody. The government appealed from this order and the Court of Appeals for the Third Circuit reversed the district court on December 9, 1959, holding that appellant was not entitled to credit for the period from March 19, 1957, to September 3, 1957, (while his probationary period was still in effect) but that he was entitled to credit for the

ferring a determination of appellant's case pending a decision by the Supreme Court in Achilli.

3. Appellant contends that at that date he had only 3 months and 20 days remaining to be served, but in our view of the case the discrepancy is immaterial at this time.

4. The opinion of the court is reported as Binion v. United States, 5 Cir., 1957, 245 F.2d 466, and is based on the fact that the Supreme Court decided the Achilli case contrary to appellant's contention.

Achilli v. United States, 1957, 353 U.S. 373, 77 S.Ct. 995, 1 L.Ed.2d 918.

5. Binion v. United States, 1957, 355 U.S. 384, 78 S.Ct. 53, 2 L.Ed.2d 45.

6. During the period from March 19, 1957, through October 23, 1957, appellant left the District of Nevada on six occasions, making trips to Pennsylvania, California and Montana. During one absence he stayed at his ranch in Montana for a period of two and one-half months and made contact with the probation officer by telephone.

period from September 3, 1957, to October 23, 1957.[7] The application of appellant for certiorari was denied on June 6, 1960.[8]

On June 10, 1960, appellant attempted to surrender to a Deputy United States Marshal for the District of Nevada who, after consultation with the United States Attorney, refused to accept him. On June 13, 1960, the Court of Appeals issued its mandate and on July 5, 1960, the district court ordered appellant remanded to the custody of the Attorney General. On July 12, 1960, appellant was taken into custody, but immediately filed a petition for a writ of habeas corpus and was admitted to bail.

On August 15, 1960, a hearing was held in the District of Nevada, at which the evidence set out above was received. On November 9, 1960, the district court discharged the writ of habeas corpus and remanded appellant to the custody of the marshal. Appellant immediately filed a notice of appeal to this court and was released on bail.

Appellant's contention that he has completed service of the sentence imposed in the Texas court is based upon his claim that he was in custody and therefore entitled to credit upon his sentence for three separate periods of time. His first contention is that he is entitled to credit from December 22, 1958, when he was discharged from custody by the District Court of Pennsylvania, until the government's appeal from the district court's order was filed. Secondly, he contends that he is entitled to credit against his sentence for the period from March 19, 1957, through October 23, 1957, when he was reporting to the Nevada probation officer. Thirdly, he contends that he is entitled to credit against his sentence for the period from June 10, 1960, when he unsuccessfully attempted to surrender to the United States Marshal, through July 12, 1960, when he was finally taken into custody by the Marshal.

The claim of appellant that he is entitled to credit upon his term from the time of the district court's order discharging him through the time when the government took its appeal cannot be sustained. A similar contention was made in Patterson v. Jones, 9 Cir., 1944, 141 F.2d 319, and this court ruled adversely to the appellant's contention, citing Anderson v. Corall, 1923, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; United States v. Greenhaus, 2 Cir., 1937, 89 F.2d 634; In re Collins, 1908, 8 Cal.App. 367, 97 P. 188; Ex parte Vance, 1891, 90 Cal. 208, 27 P. 209, 13 L.R.A. 574; Dolan's Case, 101 Mass. 219; and State of Minnesota ex rel. Siehl v. Jorgenson, 1929, 176 Minn. 572, 224 N.W. 156, 62 A.L.R. 244. During the period from appellant's discharge by the district court in Pennsylvania until the time of the government's appeal from that order, appellant was not in custody, either constructively or otherwise, and can receive no credit upon his Texas sentence for that period of time.

Similarly, appellant can receive no credit upon his sentence for the period between June 10, 1960, when he attempted to surrender (with his attorney present to file an immediate petition for habeas corpus), and July 12, 1960, when he was taken in custody by the marshal. It appears that on June 10th appellant entered the office of the United States Marshal in Las Vegas, Nevada, and told the marshal that he was surrendering on the strength of the order of the United States Supreme Court denying certiorari. The marshal asked him to have a seat and went in search of legal advice. Shortly thereafter he returned and told appellant that he had no authority to hold him and would not do so. At that time neither the United States Marshal nor the United States District Court had received any communication of any kind from the Supreme Court that the petition of appellant for certiorari had been denied. He only had the statement of appellant to

**7.** United States ex rel. Binion v. O'Brien, 3 Cir., 1959, 273 F.2d 495.

**8.** Binion v. O'Brien, 1960, 363 U.S. 812, 80 S.Ct. 1249, 4 L.Ed.2d 1154.

that effect.[9] It was not until July 5, 1960, that the United States District Court for the Eastern District of Pennsylvania ordered appellant to be remanded to the custody of the Attorney General of the United States. From June 10, 1960, to July 12, 1960, appellant was not in custody, either actually or constructively, and this time cannot be credited upon his sentence.

■ The last period to be considered—from March 19, 1957, to October 23, 1957, when appellant was reporting to the probation officer in Nevada—may properly be divided into two periods: (1) from March 19, 1957, to September 3, 1957; and (2) from September 3, 1957, to October 23, 1957. During the first of these two periods the five-year period of probation fixed by the District Court of Nevada in 1952 was still in effect. One of the terms of that probation required appellant to report once every 60 days to the probation officer. However, it is admitted that during this period, and indeed until October 23, 1957, the probation officer requested appellant to report either in person or by telephone at least once a week, and appellant did so report.

In United States ex rel. Binion v. O'Brien, supra, the Third Circuit in considering the first of these two periods, stated that Binion "was a probationer under the Nevada sentence which clearly required reporting to his probation officer," and that during this time "he had a duty to report, for the Supreme Court's action on his request for bail did not

purport to affect his status as a probationer under the Nevada sentence, but rather only went to his status under the Texas sentence."[10] The Third Circuit further held that the frequency of the reporting during this period did not create a different status for Binion. Consequently, that court held that during that time up until September 3, 1957, Binion was entitled to no credit upon his Texas sentence. With this holding of the court in that case we agree.

This leaves only the period from September 3, 1957, to October 23, 1957, to be considered. This totals 50 days. Inasmuch as even under appellant's calculation there were 110 days left to be served upon his Texas sentence when he was released on bail, he would not now be entitled to be released even if he should be given credit for this 50 days upon his sentence. At this time we express neither approval nor disapproval of the holding of the Third Circuit that appellant was entitled to this 50 days credit.

The petitioner is only entitled to be released under a writ of habeas corpus if he is illegally restrained of his liberty. Under our holding in this case, and regardless of whether the last-mentioned 50-day period is or is not allowed to appellant, he is not now entitled to be released. A further period of time must be served by appellant in order for him to complete his sentence.

The judgment of the district court discharging the writ of habeas corpus is affirmed.

9. Sup.Ct.R. 59(3), 28 U.S.C.A. "In cases coming from federal courts, a formal mandate shall not issue unless specially directed. In the absence of such direction, it shall suffice for the clerk to send to the proper court, within the time and under the conditions set out in para-

graph 2 of this rule, a copy of the opinion or order of this court, and a certified copy of the judgment of this court, which in cases under this paragraph shall include provisions for the recovery of costs if any are awarded."

10. 273 F.2d 497.