**UNITED STATES of America ex rel.
L. B. BINION**

v.

**James V. RYAN, United States Marshal
for the Eastern District of
Pennsylvania.**

**No. M. 2344.**

United States District Court
E. D. Pennsylvania.

Dec. 22, 1961.

Leon H. Kline, Philadelphia, Pa., for petitioner..

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., Harold H. Greene, Gerald P. Choppin, Dept. of Justice, Washington, D. C., for respondent.

JOSEPH S. LORD, III, District Judge.

The petitioner's grounds for seeking a writ of HABEAS CORPUS now have been decided against him in whole (United States ex rel. Binion v. United States Marshal for the District of Nevada, 1961, 9 Cir., 292 F.2d 494, cert. den., 368 U.S. 919, 82 S.Ct. 240, 7 L.Ed.2d 135, November 20, 1961), or in part (United States ex rel. Binion v. O'Brien, 1959, 3 Cir., 273 F.2d 495). It is true that in the latter case, the Court of Appeals agreed with the District Judge that petitioner was entitled to a credit of fifty days against his sentence. However, since that sentence had three months and twenty days (now reduced by confinement to three months and eighteen days) to run, even that credit would not have the effect of releasing petitioner from confinement. A writ of *habeas corpus* may not be used where it will not result in the immediate release of the prisoner and the writ must be denied: McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

The petition raises no questions which require that we hold a hearing.

Petition dismissed.