**UNITED STATES of America ex rel. L. B. BINION, Appellant,**

v.

**James V. RYAN, United States Marshal for the Eastern District of Pennsylvania.**

No. 13987.

United States Court of Appeals Third Circuit.

Argued Nov. 8, 1962.

Decided Feb. 18, 1963.

Rehearing Denied March 18, 1963.

Leon H. Kline, Philadelphia, Pa., for appellant.

Gerald P. Choppin, Atty., Dept. of Justice, Washington, D. C., Burke Marshall, Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., Harold H. Greene, Atty., Dept. of Justice, on the brief), for appellee.

Before GANEY and SMITH, Circuit Judges, and AUGELLI, District Judge.

GANEY, Circuit Judge.

On December 14, 1953, in the District Court for the Western District of Texas, the appellant herein entered a plea of guilty to two indictments charging income tax evasion for the years 1947 and 1948. The court sentenced him to three concurrent terms of five years each, to be followed by probation for three years and imposed a fine of $20,000.

The appellant began serving his sentences on December 14, 1953. In August, 1956, the appellant filed a motion under 28 U.S.C. § 2255, to correct the Texas sentences alleging that they were excessive. This motion was denied by the District Court and on appeal to the Court of Appeals for the Fifth Circuit, the Court deferred termination of appellant's case pending a similar action before the Supreme Court of the United States. On March 11, 1957, the Supreme Court ordered appellant's release on bail which was granted by the District Court for the Western District of Texas on March 19, 1957. On October 14, 1957, after the Court of Appeals for the Fifth Circuit, 245 F.2d 466 had affirmed the District Court's denial of appellant's motion to correct sentence, the Supreme Court denied certiorari. 355 U.S. 834, 78 S.Ct. 53, 2 L.Ed.2d 45.

On October 16, 1957, the appellant surrendered to the United States Marshal at Philadelphia, Pennsylvania, although he did not reside there, and on the same day filed a petition for writ of habeas corpus in the Eastern District of Pennsylvania, where he was released on bail. It must be here noted that upon his release on bail on March 19, 1957, he reported to his probation officer once a week until September 3, 1957, when the five year probationary period terminated, and on September 13, 1957, an order to that effect was filed by the District Court. The probation officer, nevertheless, instructed the appellant to report weekly pending clarification of his status until the United States Board of Parole advised the probation officer that there was no requirement that he report to him, and the appellant was advised to this effect on October 23, 1957, and did not report thereafter.

On December 22, 1958, the District Court for the Eastern District of Pennsylvania filed an order discharging appellant from custody. On December 9, 1959, this Court reversed the order of the District Court holding that the appellant was not entitled to credit on his sentence for the period he was on probation from March 19, 1957, until September 3, 1957, but was entitled to credit for the period from September 3, 1957, to October 23, 1957, or fifty days, the period he reported, although he was no longer on probation.

This Court also found that at the time of the appellant's release on bond on March 19, 1957, he had three months and twenty days remaining to be served on the Texas sentence in order to be eligible for mandatory release (with which appellant in his brief agrees) and, therefore, giving him credit for the fifty days above, there remained a period of fifty-eight days to be served under the Texas sentence. United States ex rel. Binion v. O'Brien, 3 Cir., 273 F.2d 495. Rehearing was denied on January 28, 1960, and his petition for writ of certiorari was denied on June 6, 1960. 363 U.S. 812, 80 S.Ct. 1249, 4 L.Ed.2d 1154.

On June 10, 1960, at Las Vegas, before our mandate had issued, appellant attempted to surrender himself to the United States Marshal for the District of Nevada, who refused to accept him without a court order. On June 13, this Court issued its mandate, and on July 5, the District Court for the Eastern District of Pennsylvania ordered appellant remanded to the custody of the Attorney General for completion of the 1953 sentences. He surrendered himself to the marshal on July 12. On the same day he was released on bail by the District Court for the District of Nevada in a habeas corpus proceeding. On November 9, that Court ordered the writ discharged and remanded appellant to the custody of the marshal. He immediately noted an appeal and was continued on bail. On June 26, 1961, the United States Court of Appeals for the Ninth Circuit affirmed the action of the lower Court. United States ex rel. Binion v. United States Marshal for the District of Nevada, 292 F.2d 494. Rehearing was denied on August 4, and certiorari was also denied on November 20, 1960. 368 U.S. 919, 82 S.Ct. 240, 7 L.Ed.2d 135.

On November 21, 1961, again before the mandate of the Court of Appeals had been handed down, appellant presented himself to appellee, the United States Marshal for the Eastern District of Pennsylvania, and announced that he was surrendering pursuant to the order of July 5, 1960. On the same day that he surrendered, he filed a petition for a writ of habeas corpus in the District Court for the Eastern District of Pennsylvania, seeking to have that Court declare that his 1953 confinement sentences had expired and that he was entitled to be released. The District Court immediately permitted him to be freed on bail. On December 22, 1961, that Court dismissed the petition (201 F.Supp. 802), revoked bail as of January 3, 1962, and directed appellant to surrender himself to appellee on January 3, 1962, to be remanded to the custody of the Attorney General to complete service of the 1953 sentences. His present appeal is

from the order dismissing his petition for writ of habeas corpus. He is presently at large on bail.

Appellant's main contention is that he should be given credit on the remaining confinement portion of his 1953 sentences, to the extent necessary, for the time elapsing between his discharge on a writ of habeas corpus by the District Court for the Eastern District of Pennsylvania, on December 22, 1958, and the time he offered to surrender himself to the marshal in Las Vegas on June 10, 1960.[1] He raised the same point for the first time under Part II of his petition for rehearing after our Opinion of December 9, 1959. The contention was decided against him when we denied rehearing. Nothing has been added since then to make us change our ruling. The Court of Appeals for the Ninth Circuit has also ruled that he is not entitled to receive any credit upon the 1953 sentences for that period of time. United States ex rel. Binion v. United States Marshal for the District of Nevada, supra, 292 F.2d, at p. 497.

In the alternative, appellant wants us to declare that he is entitled to a credit toward the confinement portion of his 1953 sentences for (1) the *twenty-four days* on which he actually reported between March 17, and September 3, 1957, "by personal contact not less than once a week" to the probation officer in Nevada on his 1952 probation sentence, over and above the legal reporting requirement of that sentence, and (2) the *thirty-two days* elapsing between the date he offered to surrender himself on June 10, and the date he was actually taken into custody on July 12, 1960. We cannot comply with his request.

■ The question of the twenty-four days was raised, although not as clearly and specifically as on this appeal, in Part I of his petition for rehearing on January 7, 1960. The denial of that petition by this Court precludes this panel from ruling in appellant's favor.

■ As for the thirty-two days, the Court of Appeals for the Ninth Circuit has decided against him. 292 F.2d at pp. 497–498. Our previous Opinion requires us to agree with that ruling. We might add here that he was not harmed by the marshal's refusal to take him into cutody on June 10, 1960. It is apparent that he did not surrender for the purpose of electing to serve the remaining portion of his sentences. He gave himself up so that he could establish a basis for the filing of a petition for a writ of habeas corpus and an application for bail in the District Court for the District of Nevada. This is exactly what he did as soon as he was taken into custody on July 12, 1960, and he was immediately released on bail. If he had the right to surrender to the marshal prior to the time the order of the District Court issued pursuant to the mandate of this Court,[2] he should have first sought a

---

1. By sheer coincidence the number of days elapsing between December 22, 1958, the date of his unconditional release, and February 19, 1959, the date the Government noted its appeal to this Court, is fifty-eight, the same number that still remains to be served by him on the confinement portion of the 1953 sentences. Although the appellant points this out in his brief, the date of the Government's appeal is, in itself, of no significance.

2. See Rule 38(a) (2) of the Federal Rules of Criminal Procedure, which provides: "A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail." He is assumed, without more, to have "elected" to serve if he does not elect not to commence service.

Section 714.02 (revised June 9, 1958) of the United States Marshals Manual, issued by the Department of Justice, states: "The sentence begins on the date of imposition (assuming the prisoner is in custody for service of sentence) and becomes inoperative at the close of the day on which the defendant elects not to commence service of sentence or is released on bail. A sentence so stayed will not resume running until the election not to serve is withdraw or until the judgment of the lower court is affirmed, the mandate of the higher court filed in the district court, and the prisoner is in custody for service of sentence * * *."

court order to compel the marshal to accept him, rather than bring a proceeding, long after the refusal to accept him, for a judicial declaration that he is entitled to a credit on his sentences for a period of time when he was at liberty. Buono v. Kenton, 287 F.2d 534 (C.A.2, 1961), cert. denied, 368 U.S. 846, 82 S.Ct. 75, 7 L.Ed.2d 44.

The order of the District Court will be affirmed.