People of the State of Illinois, Plaintiff-Appellee, v. Bernard Woodley and Alvin Ellis, Defendants-Appellants.

Gen. Nos. 49,636, 49,638.

First District, Third Division.

April 1, 1965.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Anthony Haswell and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Joseph V. Roddy, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The defendants were found guilty by a jury of attempted robbery. They bring this appeal on the ground that they did not receive a fair trial because of improper and prejudicial remarks by the assistant state's attorney in his final argument to the jury.

The prosecuting witnesses were two officers employed by the Chicago Transit Authority and assigned

to patrolling the platforms and trains of that utility. Around 4 a. m. on October 21, 1963, they visited a subway station at State Street and Jackson Boulevard. On the platform of the station, according to their testimony, they observed one of the defendants in a photograph booth bending over the coin box and the other one standing next to the booth. No one else was on the platform. One of the officers stopped 10 feet short of the booth; the other went beyond it. The first officer feigned intoxication and held on to the railing of a stairway which led to the Dearborn Street subway. He kept the defendants under surveillance and, after a few minutes had elapsed, they approached him. Alvin Ellis came to his left side and Bernard Woodley to his right. Ellis put his arm around the officer's shoulder and asked him if he was a policeman. When the officer said he was not, Ellis replied "That's good," slipped a knife out of his left sleeve, placed it under the officer's heart and said, "Hand over your money." At the same time Woodley snapped his fingers and said, "That's right. Come on, hand it over. . . ." As Ellis reached for the officer's wallet the officer swayed away from him, pushed him away, pulled out his gun and placed him under arrest. Ellis thereupon threw the knife down on the subway tracks. Woodley started to run away but was stopped by the second officer who, with drawn gun, was hurrying to aid his partner.

The defendants testified that they had been old friends and met by chance on the subway platform and entered the photograph booth to share a half-pint of gin. They said that as they separated and were leaving the station the officers accosted them and placed them under arrest without reason. The theory of their defense was that the police charged them with attempted robbery in order to avoid a civil suit for false arrest.

During cross-examination one officer said he did not see the defendants drinking and did not see them have a bottle of any kind. The other officer said he saw one of the defendants drinking from a bottle of wine. This discrepancy between the officers' testimony furnished the background for the first allegation of error.

The attorney for the defendants mentioned the discrepancy in his argument to the jury. The prosecuting attorney responded that this was:

> ". . . a trick, or device of defense counsel. They take little, tiny things. If I could have a movie in this case, as a prosecutor, and get back in the back of the room and explain it and show you exactly, move for move, what took place, that would be great.
>
> "But what they do is to take one little thing out of a case and blow it up out of proportion and say you shouldn't decide whether these men are guilty or not guilty on the real facts, 'but take this one little thing and decide on that, because that is the one thing I want you, as a defense counsel, to decide this case on.'
>
> "He made his first remark; one police officer said that they were drinking and the other officer said they were not drinking. Who cares? Who cares whether they were drinking, or who cares whether they had a bottle of gin or a bottle of wine? The issue in this case is whether they committed an attempt robbery. But what does he do? He instills this in your mind and takes little things. But does that raise a reasonable doubt in your mind? The decision is yours."

An objection to the use of words "trick" or "device" was overruled by the court. The defendants maintain

that the court committed prejudicial error in permitting the prosecutor to accuse defense counsel of trickery.

■ ■ It would be impractical to attempt to lay down definitive guidelines as to what may and what may not be said in argument to the jury. People v. Jenko, 410 Ill 478, 102 NE2d 783; Siebert v. People, 143 Ill 571 (1892). The degree of impropriety which constitutes reversible error depends not only upon the language used but also upon the circumstances in which it is used. A judgment will be reversed only when it is reasonably clear that improper remarks influenced the jury in a manner that resulted in substantial prejudice to the accused. People v. Stahl, 26 Ill2d 403, 186 NE2d 349; People v. Allen, 17 Ill2d 55, 160 NE2d 818.

■ We think it was improper for the prosecuting attorney to label the defense tactic as a trick or device. The words as used possessed an offensive connotation. They certainly have no place in argument which should be confined to the evidence and its properly drawn inferences. At the same time we do not deem the remarks here to have been of sufficient magnitude to have substantially prejudiced the defendants. The language used was not inflammatory. The argument in essence was but to point out that in the prosecuting attorney's opinion the discrepancy between the police officers should be a minor rather than a major factor in the jury's deliberation. In People v. Burnett, 27 Ill2d 510, 190 NE2d 338, the court considered language which was much more severe but of a similar nature: there the prosecutor accused the defense attorney of throwing "up a smoke screen to fool the jury . . . and turn loose a cold-blooded murderer upon the streets." This argument was condemned but was held not so prejudicial as to require reversal.

385

The defendants cite and rely upon two cases. In People v. Savage, 358 Ill 518, 193 NE 470, the defendant's attorney asked the defendant if he had ever been convicted of a State charge. The state's attorney asked the defendant's attorney why he did not inquire whether the defendant had ever been convicted of a Federal charge. In his argument he also charged the defendant's counsel with trickery. The court held that these remarks were improper. In People v. Freedman, 4 Ill2d 414, 123 NE2d 317, the evidence was close and highly conflicting on the issue of whether the defendant was so intoxicated as to be unable to form the intent which was an essential element of the crime for which he was being prosecuted. The state's attorney accused the defendant of lying about his drinking and his visits to taverns and said his lies were instigated by his clever lawyer. Repeated objections to this line of argument were overruled. The court held that the remarks were highly prejudicial and that their probable effect on the jury was aggravated by the action of the court in overruling the defendant's objections. The inflammatory accusations in the Savage and Freedman cases compare in neither scope nor degree to the remarks here under consideration.

The second contention of error deals with the argument made by the prosecutor concerning the previous conviction of the defendant Ellis. During the trial this defendant admitted of his own accord that he had pleaded guilty to the charge of burglary in 1959 and had received a three to five-year sentence in the penitentiary. The defendants' counsel in his final argument urged that Ellis had pleaded guilty at that time because he was guilty but that this time he was not pleading guilty. The clear implication was that he was not pleading guilty because he was not guilty. The prosecuting attorney answered his argument as follows:

"Now, he also said to you that in 1959 the defendant Ellis pleaded guilty to burglary and got 3 to 5 years in the penitentiary; but that on this charge here he is not going to plead guilty because he really is not guilty. That is what Mr. McDonnell said to you, about Mr. Ellis. He said the reason he is not pleading guilty is because he is not guilty, and that he was framed by the police officers. Well, I have my own idea on the subject. The reason he is not pleading guilty in this case is because he doesn't want to go back to the penitentiary. He knows what it is like. He will take his chances. That is the reason why he is not pleading guilty.

"Mr. McDONNELL [defendant's attorney]: I object and ask that be stricken.

"THE COURT: Overruled. He has a right to explain that. You went into that."

The defendants argue that the ruling of the court was erroneous because the comments concerning the prior conviction were not restricted to the issue of Ellis' credibility.

 A prior conviction of an accused whether voluntarily acknowledged or admitted into evidence, does not serve to lay the subject open to unrestricted comment by the prosecuting attorney. Proof of a previous crime is only admissible to discredit the testimony of the accused and ordinarily it would be improper for the prosecutor to refer to it for any other purpose. People v. Donaldson, 8 Ill2d 510, 134 NE2d 776. The remarks of the prosecuting attorney above quoted went beyond the limited issue of credibility.

 However, the defendants' counsel himself made use of the evidence of the prior conviction for another quite distinct purpose. He urged in argument

that the former plea of guilty implied the innocence of his client to the present charge. This argument opened up the subject and entitled the prosecutor to reply with legitimate counter-argument. A prosecutor has a right to make fair reply to an argument previously made by defense counsel and it has frequently been held that defense counsel cannot complain on review of the prosecutor's remarks after he has invited or provoked the same by making similar remarks himself. People v. Smith, 24 Ill2d 198, 181 NE2d 77; People v. Hayes, 23 Ill2d 527, 179 NE2d 660; People v. Kennedy, 356 Ill 151, 190 NE 296. This is so even when the prosecutor's statements would be otherwise improper. United States v. Achilli, 234 F2d 797, *cert denied*, 77 S Ct 214, 352 US 916, 1 L Ed2d 122, *vacated* 77 S Ct 588, 352 US 1023, 1 L Ed2d 595, *affirmed* 77 S Ct 995, 353 US 373, 1 L Ed2d 918, *rehearing denied* 77 S Ct 1391, 354 US 943, 1 L Ed2d 1540.

The defense counsel argued that the prior plea of guilty should be given one interpretation. This invited another and the court properly permitted the prosecuting attorney to reply. Under the circumstances the remarks of the prosecutor were not excessive but merely responsive.

The statements complained of did not exceed the bounds of proper argument and accordingly the judgment will be affirmed.

Affirmed.

SULLIVAN and SCHWARTZ, JJ., concur.