People of the State of Illinois, Plaintiff-Appellee, v. Tony Wilson, Defendant-Appellant.

Gen. No. 52,851.

First District, Fourth Division.

October 29, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Professor James R. Thompson, Northwestern University School of Law, and Theodore A. Gottfried, Paul Bradley, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Joseph Roddy, Special Assistant State's Attorney and Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

Defendant was charged with burglary. A jury convicted him. He was sentenced to a term of five to ten years.

In the issues presented for review, defendant contends:

1. It was reversible error for the State to comment upon the absence of potential defense witnesses when they were neither related to, nor employed by the accused, and when the accused made no effort to explain their absence;

2. Taken as a whole, the State's closing argument was so improper as to deny accused a fair trial;

3. It was reversible error for the judge to give State's instruction No. 9 on credibility while refusing to give defendant's instruction No. 18 on credibility.

Evidence disclosed that Calvin Nance owned a grocery store in Chicago, Illinois. On Sunday, July 16, 1967, he locked it and left for a vacation in West Virginia. On July 19, at about 3:35 a. m., Chicago policemen Labiak and Ross were called to investigate a burglary. They went to the Nance address. According to Officer Labiak,

207

he saw the defendant crawling out of a broken window of the building. While Labiak and Ross were on the scene, two other policemen, Schaffer and Biszewski, arrived. The defendant ran up an alley. The officers chased him. After a warning shot was fired by Schaffer, defendant came from underneath a porch and was arrested. No stolen property was found on defendant.

Sometime during July 19, Calvin Nance received a call from Chicago. He returned to the city and when he went to his store, he found windows boarded, stock missing, the place torn. The value of the missing stock was approximately $400. Nance testified that no one had permission to enter his place of business or remove any article from it.

Defendant testified that on July 19, at about 3:00 a. m., he was at the mouth of an alley, a half block from the Nance store, drinking rum and beer and shooting dice with five men. Defendant gave names of his five companions, saying, without detail, they all lived in the neighborhood. None were called to testify.

In argument to the jury, defendant's counsel called attention to what he said were discrepancies in testimonies of the four policemen who described the Nance store burglary on July 19, 1967. Defense argument stressed lack of credibility of the four officers. He urged the jury to acquit because the testimony of the officers could not support conviction.

In his closing argument, the Assistant State's Attorney attacked defendant's failure to call as witnesses any of his five companions and defended the four policemen. In the course of his argument, the Assistant State's Attorney addressed one of the jurors by his name; and he complained about the interruptions of defense counsel saying that they "have thoroughly screwed up my argument." The court then instructed the jury, giving State's instruction 9 and refusing defendant's instruction 18.

■ Defendant claimed that on the morning of July 19, 1967, he was not in the Nance store. He swore that when the four policemen came to the scene of the burglary he was drinking rum and beer and shooting dice with five companions at another place a short distance away. This defense was an alibi. In making this defense, and to establish the alibi, defendant injected into the case his activities with potential witnesses during the time of the burglary. His failure to produce any of these potential witnesses was a proper subject of comment by the prosecuting attorney in his argument to the jury. People v. Swift, 319 Ill 359, 150 NE 263; People v. Sanford, 100 Ill App2d 101, 241 NE2d 485.

■ Defendant's counsel in arguing to the jury, attacked the credibility of the four policemen who testified for the State. He told the jury that the four witnesses were not believable. He suggested the policemen were not telling the truth. Fairly construed, the argument of the prosecuting attorney was responsive.

■ ■ Where argument by the prosecuting attorney is provoked, if not actually invited, by remarks of defense counsel, a claim of error cannot be based on the response produced. People v. Smith, 24 Ill2d 198, 181 NE 2d 77; People v. Izzo, 14 Ill2d 203, 151 NE2d 329. The prosecuting attorney had the right to answer the argument made on behalf of defendant which suggested the four policemen were not telling the truth. People v. Hayes, 23 Ill2d 527, 179 NE2d 660.

■ It is impractical to lay definite guidelines for what may and what may not be said in argument to a jury. People v. Jenko, 410 Ill 478, 102 NE2d 783. What impropriety in jury argument will constitute ground for reversal depends on the language used and the circumstances of its use. A judgment will be reversed only when it is clear that improper remarks in argument influenced the jury in a manner substantially prejudicial

to the accused. People v. Stahl, 26 Ill2d 403, 186 NE2d 349; People v. Allen, 17 Ill2d 55, 160 NE2d 818.

█ █ Although we do not approve of the prosecuting attorney's conduct when he addressed a juror by name, and we find the words indelicate when he referred to defense counsel's interruptions as having "thoroughly screwed up my argument," we attribute these remarks to the heat of advocacy. On both occasions objections were sustained. These two unrelated incidents did not prejudice the rights of defendant to a fair trial. People v. Woodley, 57 Ill App2d 380, 206 NE2d 743.

Nor was defendant prejudiced by the court's rulings on instructions. The court gave State's instruction No. 9 which told the jury that if defendant testified in his own behalf, they could not disregard his testimony merely because he was accused of crime. Defendant contends it was error for the court to give State's instruction No. 9 and refuse his instruction No. 18 which, in part, would have told the jury that with regard to police officers, ". . . in determining the degree of credibility that should be accorded to their testimony, the jury have the right to take into consideration the fact that they are interested in the result of the case as well as their conduct and demeanor upon the witness stand. . . ."

█ State's instruction No. 9 has been approved by the Supreme Court and by appellate courts of this State in a long series of decisions from Hirschman v. People, 101 Ill 568, to People v. Hartnett, 49 Ill App2d 357, 199 NE2d 671. We notice that the committee which prepared pattern jury instructions for criminal cases recommended an instruction on credibility of witnesses when a defendant testifies. The jury should be instructed that they should judge the testimony of a defendant in the same manner they judge that of any other witness. IPI—Criminal, § 1.02 (1968).

█ Defendant testified in his own behalf. State's instruction No. 9 told the jury, to defendant's advantage,

that he had the right to testify; and that they could not disregard his testimony merely because he was accused of crime. This instruction is given in order to insure fair treatment of a defendant's testimony when he testifies in his own behalf. In this case, the State tendered it and the court gave it. It was proper. People v. Flanagan, 338 Ill 353, 170 NE 265.

Giving State's instruction No. 9 did not make it error to refuse defendant's instruction No. 18. In Illinois Pattern Jury Instructions for Criminal Cases, § 3.19, on the subject of weighing police testimony, it is said, "The Committee recommends that no instruction be given on this subject." IPI—Criminal, § 3.19 (1968). The trial court ruled correctly when it refused defendant's instruction No. 18.

Our review of the record discloses no error. The judgment is affirmed.

Judgment affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.