UNITED STATES of America
v.
Paul A. COPPOLA.
Crim. No. 12202.

United States District Court
D. Connecticut.
Jan. 6, 1969.

Reginald W. Gibson, Tax Division, Dept. of Justice, Washington, D. C., and Jon O. Newman, U. S. Atty., Hartford, Conn., for the United States.

Jacob D. Zeldes, Lawrence W. Kanaga, Elaine Amendola, of Goldstein & Peck, Bridgeport, Conn., and Arthur Sachs, of Sachs, Sachs, Giaimo & Sachs, New Haven, Conn., for defendant.

TIMBERS, Chief Judge.

Defendant is charged in a two count indictment with willfully and knowingly attempting to evade and defeat a large part of his income tax for the years 1961 and 1962, in violation of Int. Rev. Code of 1954, § 7201, 26 U.S.C. § 7201 (1964).

Having heard arguments of counsel upon the last of a series of extensive pre-trial motions filed by defendant, the Court makes the following disposition thereof on the basis of the moving papers, arguments of counsel and the ex-cellent briefs submitted by counsel on both sides.

## I

### MOTION TO DISMISS INDICTMENT

Defendant's motion to dismiss is based upon six grounds, each of which will be separately discussed below.

(A) *Unconstitutionality of Key Selector System*

■ The most recent statement of the position of the Court of Appeals for this Circuit is set forth in United States v. Caci, 401 F.2d 664, 671 (2 Cir. 1968), cert. denied, 394 U.S. ——, 89 S.Ct. 1180, 22 L.Ed.2d 450 (1969):

"It is settled in this Circuit that a Jury Commissioner has discretion under 28 U.S.C. § 1864 (1964) to reject prospective jurors as not 'qualified' for reasons other than those listed in Section 1861."

The Court cited United States v. Flynn, 216 F.2d 354, 386–88 (2 Cir. 1954), cert. denied, 348 U.S. 909 (1955), in support of its holding. Although *Flynn* was decided prior to deletion of § 1861(4) (which had permitted disqualification for incompetence under state law), by the Civil Rights Act of 1957, its holding was reaffirmed in United States v. Kelly, 349 F.2d 720, 777–79 (2 Cir. 1965), cert. denied, 384 U.S. 947 (1966): "[J]ury officials must be vested with a large measure of discretion to determine whether a particular individual should or should not be excused from jury service." The holding of United States v. Rabinowitz, 366 F.2d 34 (5 Cir. 1966), has not been adopted in this Circuit. In light of *Caci* and its predecessors, defendant's motion to dismiss based upon the claimed unconstitutionality of the key selector system is denied.

(B) *Use of Hearsay Before Grand Jury*

■ The second ground of defendant's motion to dismiss rests on the alleged use of hearsay before the grand jury. Hearsay should be used only when direct testimony is unavailable or inconvenient. United States v. Umans, 368 F.2d 725 (2 Cir. 1966), cert. dismissed as improvidently granted, 389

U.S. 80 (1967). The United States Attorney's Office for this District has stated that this is the policy which will be followed in this District. United States v. Messina, 388 F.2d 393 (2 Cir.), cert. denied, 390 U.S. 1026 (1968). In a net worth tax case the use of some hearsay before the grand jury would appear unavoidable. This does not require dismissal of the indictment. United States v. Jordan, 399 F.2d 610, 616 (2 Cir. 1968).

(C) *Illegality of Government's Evidence*

■ Defendant claims that documents voluntarily turned over by him to the government during the course of its investigation were somehow tainted and illegally obtained. Although counsel has not strongly pressed this point, it would appear that, as in United States v. Mackiewicz, 274 F.Supp. 805, 808 (D. Conn. 1967), conviction aff'd, 401 F.2d 219 (2 Cir.), cert. denied, 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 258 (1968), "[T]he tax investigation did not involve the slightest trace of trickery or deception . . .". Indeed, defendant in the instant case, with the advice of counsel, appears to have cooperated with the investigating officials. In such circumstances, it is difficult to conceive in what manner a taint may have attached.

■ An additional basis of alleged taint arises from defendant's dissatisfaction with the affidavit of government counsel, which in part states:

"At no time have any wiretaps or other electronic devices been used by the International Revenue Service, the Federal Bureau of Investigation, the United States Attorney's Office or any other agency in the obtaining of evidence in their investigation of this case. No investigative leads or evidence were obtained from wiretaps; no evidence emanating directly or indirectly from wiretaps was presented to the Grand Jury; no such evidence is available to the Government and no such evidence will be used in the forthcoming trial."

Such affidavit forecloses the necessity of a hearing, especially where the only basis for defendant's belief that illicit wiretapping or electronic surveillance was used is a supplemental memorandum submitted by the Solicitor General in Markis v. United States, 387 U.S. 425 (1967), admitting the use of such procedures in Connecticut during the period of the investigation in the instant case. The sworn representation by government counsel directed to the specific factual context of the instant case obviates the necessity of a hearing at which such denials by the government would only be repeated. See United States v. Pardo-Bolland, 229 F.Supp. 473 (S.D.N.Y. 1964), convictions aff'd, 348 F.2d 316 (2 Cir.), cert. denied, 382 U.S. 944 (1965).

(D) *Delay Preceding Indictment*

■ The statute of limitations for the tax evasion offenses with which defendant is charged is six years; the indictment under which he is charged was returned 5 years and 11 months after the alleged evasion in Count One. The rule is clear in this Circuit that, while an indictment within the statutory period does not automatically negate allegations of prejudice by the impairment of defendant's capacity to prepare his defense, such prejudice will not be presumed. United States v. Feinberg, 383 F.2d 60 (2 Cir. 1967), cert. denied, 389 U.S. 1044 (1968). Prejudicial or deliberate delay may deprive a defendant of his constitutional rights. Chapman v. United States, 376 F.2d 705 (2 Cir.), cert. denied, 389 U.S. 881 (1967); but the burden is on defendant to show to some extent the nature of the prejudice claimed. United States v. Feinberg, supra, at 64–67. Broad conclusory statements of harm such as those made in support of the instant motion, in the context of this case, are utterly insufficient. See United States v. Capaldo, 402 F.2d 821, 823 (2 Cir. 1968).

(E) *Unconstitutionality of Net Worth Prosecution.*

■ In response to defendant's motion for a bill of particulars, the government indicated that it would proceed

under the net worth theory pursuant to which unexplained increases in a taxpayer's net worth permit the jury to infer that such increases were attributable to taxable income. This method of proof was approved by the Supreme Court in Holland v. United States, 348 U.S. 121 (1954). Defendant would have this Court disregard that decision in light of recent decisions by the Supreme Court which defendant asserts have expanded the privilege against self-incrimination. This should not, and will not, be done by this Court. Similar arguments were addressed to this Court and to the Court of Appeals for this Circuit in numerous wagering tax cases prior to Marchetti v. United States, 390 U.S. 39 (1968). See, e. g., United States v. Costello, 352 F.2d 848, 850–51 (2 Cir. 1965). Unless and until *Holland* is overruled by the Supreme Court, it is binding upon this Court in tax prosecutions.

(F) *Identity of Felony and Misdemeanor Provisions*

■ Defendant premises his most extensive argument upon the assertion that the coverage of the felony provision under which defendant has been indicted, Int.Rev.Code of 1954 (hereinafter, IRC) § 7201, is coextensive with that of the misdemeanor provisions, IRC §§ 7203, 7207, in that the indictment charges offenses punishable under the misdemeanor as well as the felony provisions of the statute. From this premise defendant urges that the felony prosecution is unconstitutional because it involves (1) a statute void for vagueness, (2) an improper delegation to the prosecutor of the power to punish, and (3) the denial of equal protection of the laws. Defendant asserts, "It is impossible for a taxpayer to commit a § 7201 felony without necessarily committing either or both of the misdemeanors outlawed by §§ 7203 and 7207." Defendant finds support for his conclusion that conduct violative of both the felony and misdemeanor sections cannot be punished as a felony in the dissenting opinion of Mr. Justice Black (joined in by Mr. Justice

Douglas) in Berra v. United States, 351 U.S. 131, 135 (1956). Whatever may be the persuasiveness of such argument, as a dissent it does not reflect law binding on this Court. The law is quite to the contrary.

In Sansone v. United States, 380 U.S. 343 (1965), the Court recognized the overlap between the three tax provisions and the consequent applicability of the lesser included offense doctrine in an appropriate case. But the Court likewise recognized the difference between IRC §§ 7201 and 7207, viz., that the misdemeanor provision does not require "that the false or fraudulent return be made with 'intent to defeat or evade' the tax due." Id. at 349. IRC § 7201, as the "capstone" of the income tax sanctions, "necessarily includes among its elements actions which, if isolated from the others, constitute lesser offenses in this hierarchical system of sanctions." Id. at 351. The Court then listed the elements of the § 7201 felony as "willfulness, . . . the existence of a tax deficiency, . . . and an affirmative act constituting an evasion or attempted evasion of the tax." Id. In contrast, the § 7203 misdemeanor requires the willful failure "to perform a number of specified acts at the time required by law." Finally, the § 7207 misdemeanor "requires the willful filing of a document known to be false in any material manner." Id. at 352. See also Spies v. United States, 317 U.S. 492 (1943). In short, the difference is that the elements of omission of the misdemeanor become elements of the felony when they are found in combination with the elements of commission of the felony. In *Sansone*, the only issue was willfulness, an element of both offenses, and the Court held the lesser included instruction need not be given. Justices Black and Douglas again dissented, citing their dissent in *Berra*, supra.

After *Sansone*, it is clear that the felony proscribed by IRC § 7201, while in some respects overlapping the respective misdemeanor statutes, does contain the

additional element of attempt or active commission, absent in §§ 7203 and 7207. Just as any indictment for a felonious crime may contain within it allegations sufficient to support conviction of a misdemeanor where one of the unique essential elements of the felony is not established, so the indictment of defendant Coppola, charging that he "did wilfully and knowingly attempt to evade and defeat", implicitly subjects him to punishment for the lesser included offense if the elements of commission are not established.

Defendant's claim, based on the untenable premise that one is either guilty of a violation of *all* three sections, or innocent of *all* three (Defendant's Brief at 10), ignoring the clear distinctions between the provisions recognized in *Sansone* (which held that only when the controversy concerns a *common element* will the three statutes rise and fall together), and citing a 12 year old dissenting opinion in *Berra* subsequently cited by the dissenters in *Sansone*, must be rejected.

Finally, IRC § 7201 is not void for vagueness. United States v. Schipani, 362 F.2d 825 (2 Cir.), cert. denied, 385 U.S. 934, vacated, 385 U.S. 372 (1966).

Defendant's motion to dismiss, accordingly, is denied in all respects.

## II

### MOTION TO SUPPRESS

Defendant's arguments under this point have been considered and rejected under point I(C) above. This motion, based as it is upon the same allegations, is denied.

## III

### MOTION TO REARGUE

In the exercise of its discretion, the Court denies defendant's motion to reargue his motions for discovery and inspection and bill of particulars previously decided by this Court in a memorandum order filed October 2, 1968.