**UNITED STATES of America**
v.
**Paul A. COPPOLA, Defendant.**
**Cr. No. 12202.**

United States District Court
D. Connecticut.
May 28, 1969.

Reginald W. Gibson, Cono R. Namorta, Tax Division, Dept. of Justice, Washington, D. C., for plaintiff.

Jacob D. Zeldes, Elaine Amendola, Bridgeport, Conn., Sachs, Sachs, Giaimo & Sachs, New Haven, Conn., for defendant, H. William Shure, New Haven, Conn., of counsel.

MANSFIELD, District Judge.*

Following acceptance of defendant's plea of guilty to one count of the indictment, which charges that on April 15, 1962 he wilfully and knowingly attempted to evade and defeat income tax due and owing for the year 1961 by filing a false and fraudulent income tax return on behalf of himself and his wife, defendant has moved pursuant to Rules 12 and 34, F.R.Cr.P., for an arrest of judgment and dismissal of the indictment on various grounds, all of which have previously been rejected by Judge Timbers in a decision filed on January 6, 1969, D.C., 296 F.Supp. 903, denying defendant's earlier motion to dismiss.

Although we are not required automatically to follow Judge Timbers' decision as the law of the case, we nevertheless, after careful review of the papers and after hearing extensive oral argument, subscribe to his well-reasoned opinion and deny the motions.

■ Defendant's first contention is that he cannot constitutionally be prosecuted under the felony statute, 26 U.S.C. § 7201, for conduct punishable as a misdemeanor under § 7207. This argument proceeds on the assumption that since the facts and evidence relied upon to establish a violation of § 7201 would be identical with those establishing a violation of § 7207, instructions permitting a finding of guilt of the lesser offense would be precluded under the teachings of Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); see Berra v. United States, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956); Achilli v. United States, 353 U.S. 373, 77 S.Ct. 995, 1 L.Ed.2d 918 (1957). On this premise defendant argues that since the identical conduct could be prosecuted either as a felony or a misdemeanor, defendant's constitutional rights are violated because of vagueness and uncertainty as to the penalty that might be imposed, excessive delegation by Congress of the power to place limits on the punishment for such conduct, and denial of equal protection of the laws.

Although willfulness is a common element required to be proved in order to establish a violation either of § 7201 or § 7207, each of these sections requires proof of some elements not required by the other. For instance, proof of a tax deficiency and of an attempt to evade or defeat tax are essential elements required to be proved in order to establish a violation of § 7201, but not required to establish violation of § 7207. Likewise proof of delivery of a return and of knowledge of its material falsity, essential elements of a violation of § 7207, need not be proved to establish a violation of § 7201. Thus the Government could prove a violation of § 7207 without necessarily proving the more serious alleged violation of § 7201.

■■ The fact that in some instances the evidence relied upon by the Government to establish a violation of the felony section might be identical with that relied upon to show a violation of the misdemeanor statute does not render the felony statute void for vagueness or unconstitutional, or require that the conduct be prosecuted as a misdemeanor rather than as a felony. See Ehrlich v. United States, 238 F.2d 481 (5th Cir. 1956). Congress clearly intended that if the

* Walter R. Mansfield, sitting in District of Connecticut by designation.

elements of willfulness, tax deficiency, and intent to defeat the tax could be proved beyond a reasonable doubt, the offense should be prosecuted as a felony rather than as a misdemeanor. If, on the other hand, the proof, though insufficient to establish a tax deficiency or an attempt to defeat the tax, is sufficient to show delivery of the return and knowledge of its material falsity, which would amount to less heinous conduct than that defined in § 7201, the offense should be prosecuted as a misdemeanor.

■ Since the defendant in this case has pleaded guilty to all of the essential elements constituting the felony defined in § 7201, his conduct must be prosecuted as a violation of that section, and he may not escape such prosecution because of the happenstance or coincidence that in this particular case his conduct might also have encompassed the less heinous elements required to establish a violation of § 7207. For the same reasons he is not entitled to be sentenced for a violation of § 7207 rather than § 7201.

■■ Defendant's second ground asserted in support of his motion for arrest of judgment and dismissal is that the "net worth" method of establishing a violation of § 7201, which the Government stated in its Bill of Particulars that it proposed to use if the case went to trial, is unconstitutional. In rejecting this contention Judge Timbers did not, as defendant now suggests, base his decision wholly upon Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). On the contrary the record reveals that except for an argument based on the Supreme Court's recent decision in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (May 19, 1969), all of defendant's arguments in support of this contention were before Judge Timbers, including those based upon Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) and Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), and they were expressly rejected by Judge Timbers in his memorandum decision of January 6, 1969, wherein he stated:

"Defendant would have this Court disregard that decision [Holland] in light of recent decisions by the Supreme Court which defendant asserts have expanded the privilege against self-incrimination. This should not, and will not, be done by this Court."

Furthermore, the defendant, by pleading guilty to the essential elements charged against him in the indictment here, has waived an attack upon the net worth method of prosecution, his plea of guilty admitting the essential facts constituting the elements of the crime.

■ In any event, proof of "net worth" plus nondeductible expenditures constitutes merely another form of circumstantial evidence which, together with all of the evidence of the surrounding circumstances, may provide the basis for an inference that the defendant wilfully attempted to defeat or evade tax. The strength and reasonableness of the inference in each case will depend upon the nature and extent of the evidence introduced and the weight and credibility extended to it by the jury; and upon a trial the jury would, upon the defendant's request, be instructed that it could not draw any inference against the defendant from his failure to take the stand or explain the deficiency. To hold that such evidence may not be used as the basis for an inference of wilful evasion of tax would in effect be to reject the use of circumstantial evidence in criminal prosecutions for violation of § 7201, a course that would run counter to elementary principles of evidence and of criminal law.

Leary has no application here. It dealt with a statutory presumption found to be arbitrary and illogical, not with permissible inferences to be drawn from circumstantial evidence. The statutory presumption invalidated in Leary could, without any evidentiary support being required, have the effect of placing upon a defendant the burden of negating knowledge of illegal importation of marijuana. No such presumption exists in a "net worth" prosecution where the Government, saddled with the burden of es-

tablishing tax evasion beyond a reasonable doubt, introduces circumstantial evidence from which the jury is permitted, but not required, to infer wilful evasion of income tax in the absence of direct proof of the source of the unreported taxable income. However, the jury would not be permitted, as defendant argues, to draw such an inference solely from the fact that there was an increase in defendant's net worth plus non-deductible expenditures in excess of the reported income for the year in question. The Government would also be required to prove that there was a likely source of taxable income from which the jury could infer that the excess was derived, Holland v. United States, *supra*, 348 U.S. at 137–138, 75 S.Ct. 127, or to adduce proof negating all possible non-taxable sources of the excess in order to prevail. United States v. Massei, 355 U.S. 595 (1958), 78 S.Ct. 495, 2 L.Ed.2d 517; United States v. Schipani, 362 F.2d 825, 830 (2d Cir.), vacated and remanded on other grounds, 385 U.S. 372, 87 S.Ct. 533, 17 L.Ed.2d 428 (1966). At the close of the Government's case the Court would then determine whether the proof was sufficient to submit the case to the jury.

Since a guilty plea to Count One has been entered in the present case, and the Government, before the Court's acceptance of defendant's guilty plea, advised that it was prepared to offer proof establishing the essential facts which were outlined, we are entitled to assume that such circumstantial evidence, including a likely source of additional income or the negation of all nontaxable sources, would be sufficient. Although the proof in such a case may as a practical matter place the defendant in a position where he "remains quiet at his peril," Holland v. United States, *supra*, 348 U.S. at 139, 75 S.Ct. 127, a defendant would find himself in such a posture in every criminal trial where the Government presented strong circumstantial evidence of guilt, as distinguished from a statutory presumption.

Assuming, without deciding, that defendant has not waived his right to move for dismissal on the ground that the procedure for selection of grand jurors was unconstitutional, we subscribe to Judge Timbers' earlier decision that the motion is without merit. See United States v. Caci, 401 F.2d 664, 671 (2d Cir. 1968), petition for cert. filed, 394 U.S. 917, 89 S.Ct. 1180, 22 L.Ed.2d 450.

As for the defendant's motion for disclosure of the presentence investigation report, the Court has already indicated upon oral argument the procedure that would be followed. United States v. Fischer, 381 F.2d 509, 511 (2d Cir. 1967).

For the foregoing reasons defendant's motions are denied.

It is so ordered.