**UNITED STATES of America,
Appellee,**

v.

**Roy A. FROST, Defendant, Appellant.
No. 7558.**

United States Court of Appeals,
First Circuit.

Oct. 6, 1970.

4. N.L.R.B. v. Crest Leather Mfg. Corp., 5th Cir. 1969, 414 F.2d 421; Dit-Mco, Inc., 163 N.L.R.B. 1019 (1967).

5. Wagner Electric Corp., 167 N.L.R.B. No. 75 (1967), 66 L.R.R.M. 1072.

J. Fleet Cowden, Boston, Mass., by appointment of the Court, for appellant.

Willie J. Davis, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Appellant seeks reversal of his narcotics conviction because of an asserted denial of his constitutional and procedural rights to a speedy trial, the time elapsing between arrest and trial being 31 months. Appellant's offenses were committed in June of 1967. The indictment was returned over thirteen months later, in August, 1968. Trial was had eighteen months later, in February, 1970. During the earlier period, preceding indictment, arraignment, and appointment of counsel, appellant and the government were dancing a minuet in which the latter was hoping to gain helpful leads in dealing with the local traffic in drugs and appellant was giving only as much information as would keep the government satisfied. This is a dangerous game and one which might approach blackmail in the most egregious case.

In this case we are satisfied that there was no undue maneuvering or pressure by the prosecution. The appellant testified that, pre-indictment, he was telephoned about once a month by a government agent and that, on three or four occasions, he submitted a name of a rumored trafficker in drugs, in order to delay further calls. During this period the appellant was also called to the agent's office approximately four times. There is neither suggestion of threats or extravagant promises nor scent of censurable governmental overreaching. It is rather suggestive of a cat-and-mouse game played by both sides. This game did not turn out too badly for appellant. While he had been arrested for violation of 21 U.S.C. § 174, carrying a mandatory prison sentence without parole eligibility, the government chose to seek an indictment for the lesser offense of violating 26 U.S.C. § 4744(a) (1). During this almost fourteen month pre-indictment period appellant was free on bail of $1000 without security.

After counsel was appointed, in October, 1968, the delay is accounted for by (1) a two month period, presumably necessary for defense preparation; (2) a further two month period when the district's jury selection process was being reorganized; (3) a four month period awaiting a Supreme Court decision bearing directly on appellant's motion to dismiss one of the counts in the indictment; (4) a five month period encompassing the summer of 1969, a period when there appeared to have been a moratorium on all narcotics trials pending resolution by the Supreme Court of certain questions raised by the narcotic laws—even though these were not relevant to appellant's own case; (5) a three month delay occasioned by appellant's failure to appear at a hearing scheduled on his motion to dismiss—attributable not to dereliction of counsel but to some inadvertence resulting in no actual notice being received; (6) two weeks between hearing on the motion to dismiss and trial. Apart from period (4), the explanations seem entirely understandable. Even as to (4) there is no suggestion of improper purpose or calculation.

Nevertheless, the total delay being extensive, even though not accompanied by government misconduct, we

look closely for any evidence that appellant may have been prejudiced at trial. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); United States v. DeLeo, 422 F.2d 487, 495 (1st Cir. 1970). Appellant makes two claims. The first is that a friend whose testimony would have been particularly relevant to the issue of entrapment had died a year and a half before trial. This point was not urged at the hearing on the motion to dismiss. At trial appellant referred to being with his late friend on two occasions. In neither instance does it appear to us that the friend's possible testimony on entrapment would have been admissible.

 Appellant's second contention is that the 31 month delay between his arrest and trial placed him at a distinct disadvantage in trying to match his unaided memory against the testimony of the government agents who had the benefit of their notes. We have read appellant's testimony with care. He testified with precision as to the events in May and June of 1967, being specific as to dates, telephone conversations, meetings. This is not the kind of case where the passage of time dulls the memory of witnesses for whom the events at issue assume no central importance. Petition of Provoo, 17 F.R.D. 183, 203 (D.Md.1955), aff'd, 350 U.S. 857, 76 S.Ct. 101, 100 L. Ed. 761 (1965). Nor is it a case where the enforcement officials, after having secured sufficient evidence of the commission of a crime, delay many months in bringing their man to book. Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). In this case appellant, after his arrest, had every reason to keep the critical preceding events in the forefront of his mind. We fail to see where appellant was prejudiced in any degree by the passage of time before his trial took place.

Under the threefold test of *DeLeo*, *supra*, the appellant's appeal must fail. The length of delay involved here, although regrettable, was not inexcusable. Its detrimental effect on the appellant was not observable. To the extent that the delay resulted from phlegmatic prosecution, it cannot be said to be excessively extensive or improperly motivated.

Appellant argues that the district court erred in denying appellant's motion to dismiss based on Rule 48(b) F.R.Crim.P. which provides for the dismissal of an indictment upon a finding by the court of an "unnecessary delay in presenting the charge to a grand jury * * * or * * * in bringing a defendant to trial. * * * " As we recognized in *DeLeo*, "the trial court's disposition of a Rule 48(b) motion will only be reversed for an abuse of discretion." United States v. DeLeo, *supra*, 422 F.2d at 495. On this record, noting our discussion above, we find no such abuse.

The remaining contention of the appellant, concerning the district court's exclusion of testimony offered by appellant to prove the defense of entrapment, does not merit full discussion. The conversations sought to be presented occurred after Frost's arrest. The requisite elements of entrapment must necessarily precede the criminal acts. We cannot comprehend what form of alchemy the appellant intended to employ to transmute *post facto* conversations into *pre facto* entrapment. The district court did not err in declining appellant's invitation to view this experiment.

Affirmed.