**UNITED STATES of America**
v.
**Robert LeRoy HERN et al.**
**Crim. No. 70–302.**

United States District Court,
E. D. Pennsylvania.
Sept. 8, 1971.

Thomas C. Carroll, Defender Association of Philadelphia, Philadelphia, Pa., for defendants.

Louis C. Bechtle, U. S. Atty., Edwin E. Naythons, Asst. U. S. Atty., Philadelphia, Pa., for U. S. Government.

## OPINION

HANNUM, District Judge.

The defendant, Robert Leroy Hern, has been charged with the unlawful sale and distribution of narcotic drugs, 26 U.S.C. § 4704(a); 26 U.S.C. § 4705(a), and conspiracy, 18 U.S.C. § 371. Although the defendant has posted bail for the federal charges, he remains in the custody of state authorities on unrelated charges. No federal detainer has been filed.

Presented before the court is defendant's motion to quash his indictment due to alleged unconstitutional delay by the government in securing the indictment and in bringing the defendant to trial. In a *pro se* motion the defendant argues that the interval between his arrest and

indictment and his indictment to the present constitutes a violation of his Sixth Amendment right to a speedy trial. Court-appointed counsel argues in addition that there has been "unnecessary delay" within the meaning of Federal Rule of Criminal Procedure 48 (b). On August 13, 1971 an evidentiary hearing was held and briefs requested to determine the merits of the defendant's claim.

The narcotics sale of which the defendant stands charged allegedly took place on July 16, 1969. Due to the undercover activities of the federal agents involved, the defendant was not arrested until December 9, 1969. The defendant does not argue any prejudicial effects from the intervening lapse of time.

 The defendant was indicted on June 11, 1970, six months after his arrest. He argues that this six month interval constitutes a delay of Constitutional dimensions and, if not, of Federal Rule of Criminal Procedure 48(b) dimensions. Although it is doubtful that the scope of the Sixth Amendment's protection extends into pre-indictment phases of prosecution, Dickey v. Florida, 398 U.S. 30, 44, 90 S.Ct. 1564, 26 L.Ed. 2d 26 (1970) (concurring opinion), there is little doubt that the Fifth Amendment, in addition to the statute of limitations and Federal Rule of Criminal Procedure 48(b), safeguards the defendant's interests during this interval. Dickey v. Florida, supra; United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Mathies v. United States, 126 U.S.App.D.C. 98, 374 F.2d 312, 314–315 (1967); Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). Since Rule 48(b) has been held to impose a stricter standard of celerity upon the government than is imposed by the Constitution, Mathies v. United States, supra, the defendant's claim of delay between arrest and indictment shall be viewed to determine whether any such time lapse was "unnecessary".

 It is well accepted that any purposeful or oppressive delay on the part of the government is unjustifiable and clearly "unnecessary". Dickey v. Florida, supra, 398 U.S. at 51, 90 S.Ct. 1564; Chapman v. United States, 376 F.2d 705 (2 Cir.), cert. denied, 389 U.S. 881, 88 S.Ct. 119, 19 L.Ed.2d 174 (1967). So also, where the government has negligently delayed bringing an indictment and such delay has operated to prejudice the defendant's ability to defend himself, the delay is "unnecessary". United States v. Coppola, D.C., 296 F.Supp. 903, 905 (1969). In each instance, however, the burden of proof is on the defendant. Where the indictment is brought within the statute of limitations prejudice to the defendant will not be presumed. United States v. Coppola, supra. In the present case the defendant has alleged no specific impairment of his ability to defend himself, but argues that a six month interval between arrest and indictment is prejudicial in and of itself. Such broad conclusory statements alone are clearly insufficient. United States v. Frost, 431 F.2d 1249 (1st Cir.) cert. denied, 401 U.S. 916, 91 S.Ct. 896, 27 L.Ed.2d 817 (1971); United States v. Coppola, supra, 296 F.Supp. at 905. Moreover, the record indicates that during the interval in question the government was operating to the best of its ability with an understaffed United States Attorney's office.

 As a second ground to this motion to dismiss, the defendant argues that the fifteen month interval between his indictment on June 11, 1970 and the present constitutes a violation of his Sixth Amendment right to a speedy trial. As stated in Dickey v. Florida, supra, delay alone, unaccompanied by prejudice to the defendant's ability to defend himself, is insufficient to constitute an abuse of the defendant's Sixth Amendment rights. But even aside from the fact that the defendant has alleged no specific prejudice, a considerable portion of the interval complained of is a consequence of the defendant's own delay. When the

defendant was indicted in June, 1970, he was promptly scheduled for arraignment on July 14, 1970. On that date the defendant appeared but asked that his arraignment be continued because he had no counsel. A continuance was granted until August 11, 1970. On that date the defendant failed to appear and the arraignment was again rescheduled. On September 1, 1970 the defendant appeared, but again without counsel. This time, however, a not guilty plea was entered for the defendant by the court. The defendant then informed the court that he intended to secure private counsel in the near future. From September 1, 1970 until December 8, 1970, the defendant could not be located and did not inform the Court or the United States Attorney of his whereabouts. When defendant was located, he was in the Maryland State Prison, Baltimore, Maryland, serving a five year sentence on unrelated state charges. At that time, the United States Attorney promptly requested that counsel be appointed for the defendant in order that the case might proceed. The defendant's case was thereafter listed for appointment of counsel on March 23, 1971, the next date scheduled for arraignments. Although the defendant was not produced on March 23, admittedly due to an error in communications between federal and state authorities, he was appointed counsel on May 18, 1971, as soon thereafter as possible. Following appointment of counsel, the defendant submitted the pretrial motions presently before the Court.

In view of the circumstances above and in light of the fact that the defendant argues neither specific prejudice nor purposeful or oppressive delay on behalf of the government, this Court is not prepared to recognize a presumption of prejudice on the basis of the present record. See United States v. Carosiello, 3 Cir., 439 F.2d 942 (1971); United States v. Frost, 1 Cir., 431 F.2d 1249 (1970); United States ex rel. Barber v. Hendrick, D.C., 315 F.Supp. 798 (1970). The defendant's Sixth Amendment rights have not been abused.