**UNITED STATES, Appellant,**

v.

**Joseph YOUNG, Appellee.**

**No. 11183.**

District of Columbia Court of Appeals.

Argued Jan. 4, 1977.

Decided July 11, 1977.

Rehearing En Banc
Denied Oct. 18, 1977.

---

1. I agree with the court's affirmance in Appeal No. 10289.

Richard H. Saltsman, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty., John A. Terry and Steven R. Schaars, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellant. J. Ramsey Johnson, Asst. U.S. Atty., entered an appearance for appellant.

Paul L. Knight, appointed by this court, with whom V. Thomas Lankford, Washington, D.C., was on the brief, for appellee. Postargument, Paul L. Knight, Washington, D.C., withdrew and V. Thomas Lankford was appointed as successor counsel for appellee.

Before NEBEKER, HARRIS and MACK, Associate Judges.

NEBEKER, Associate Judge:

Appellee was indicted on April 14, 1976, for threatening to injure the person and property of Jeanette Barney in violation of D.C.Code 1973, § 22–2307. On May 3, 1976, appellee moved to dismiss the indictment claiming that it did not allege all the elements necessary to constitute the offense, that it was ambiguous, and that it was insufficiently detailed. Subsequent hearings on appellee's motion resulted in dismissal of the indictment. The United States appeals pursuant to D.C.Code 1973, § 23–104(c). We reverse.

Three central issues, as contained in appellee's motion to dismiss the indictment, are raised by this appeal. First, is specific intent to extort a necessary element of threats to injure another person under D.C. Code 1973, § 22–2307? Second, does the fact that appellee's conduct may be punishable under D.C.Code 1973, § 22–507, which provides misdemeanor characterization for conduct identical to that proscribed by part of the felony statute, D.C.Code 1973, § 22–2307, require dismissal of the indictment? Third, are the allegations of the indictment sufficient to charge an offense under § 22–2307 inasmuch as the indictment did not contain the actual words of the alleged threat, nor did it allege that the threats were made knowingly and intentionally?

We find no such ambiguity or constitutional infirmity on the face of the statute or from the fact that another provision of the Code punishes identical conduct as would cast a shadow over either provision or impute an intent to extort as an element of the offense. Moreover, a defendant has no constitutional right to elect which of two applicable statutes will be the basis of his indictment. Such a choice is properly left to prosecutorial discretion. Finally, we find the indictment to have been sufficiently worded to charge an offense.

The first two factors which prompted dismissal of the indictment center around the fact that both § 22–507, a misdemeanor statute, and § 22–2307, a later-enacted felony statute, prohibit identical conduct, i. e., threats to do bodily injury.[1] The threats-

1. D.C.Code 1973, § 22–507, provides:
    Whoever is convicted in the District of threats to do bodily harm shall be fined not more than $500 or imprisoned not more than six months, or both, and, in addition thereto or in lieu thereof, may be required to give bond to keep the peace for a period not exceeding one year.
D.C.Code 1973, § 22–2307, provides:
    Whoever threatens within the District of Columbia to kidnap any person or to injure the person of another or physically damage

to-do-personal-injury overlap, according to appellee, is impermissible and creates an inherent ambiguity in application, necessitating an examination of legislative history to clarify what conduct was sought to be proscribed by each statute. The legislative history of § 22–2307, as interpreted by appellee, in conjunction with the fact that the statute appears in that portion of the D.C. Code which pertains to extortion, suggests to appellee that the statute was aimed at extortion. Therefore, according to appellee, the trial court correctly held that this additional element must be alleged and proved under § 22–2307.

The trial court's ruling was based on the erroneous premise that the existence of § 22–507 must mean that essentially different conduct was meant to be proscribed by § 22–2307. It was assumed that otherwise the statutes would suffer constitutional infirmity because of vagueness, ambiguity, or denial of equal protection/due process. It was also assumed that the two sections would provide disparate punishment for precisely the same offense and thus permit the prosecuting attorney to exercise unbridled discretion. Such conclusions are not warranted.

■ It is well established that where the evidence relied upon to prove a violation of a felony statute is identical to the evidence needed to show a violation of the misdemeanor statute, the felony statute is not rendered void for vagueness or unconstitutional in any other sense, nor does it require that the conduct be prosecuted as a misdemeanor rather than as the felony. *Palmore v. United States*, D.C.App., 290 A.2d 573 (1972), *aff'd*, 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973); *Newman v. United States*, 127 U.S.App.D.C. 263, 382 F.2d 479 (1967); *United States v. Coppola*, 300 F.Supp. 932, 934 (D.Conn.1969). The defendant cannot complain merely because

the charge against him is brought under the statute carrying the more severe penalty. *United States v. Moore*, 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975); *Berra v. United States*, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956); *Rosenberg v. United States*, 346 U.S. 273, 294, 73 S.Ct. 1152, 97 L.Ed. 1607 (1953); *Hutcherson v. United States*, 120 U.S.App.D.C. 274, 345 F.2d 964 (1965); *Ehrlich v. United States*, 238 F.2d 481 (5th Cir. 1956).

In *Hutcherson, supra*, the defendant was convicted of violating federal narcotics statutes. He argued on appeal that he was denied due process because he was indicted and convicted under federal statutes instead of under the District of Columbia Code. His point was that the offenses denounced by the federal and local statutes were identical and that he was entitled to be prosecuted under the latter because the penalty for violating it was less severe.[2] That court of appeals rejected this theory stating that the defendant had no constitutional right to elect which of two applicable statutes was to be the basis of his indictment and prosecution. That choice was to be made by the United States Attorney. *Hutcherson v. United States, supra*, 120 U.S.App.D.C. at 277, 345 F.2d at 967. Underlying this conclusion is the acknowledgment that there is no constitutional infirmity in the coexistence of statutes proscribing identical conduct. There is no substantial difference between the federal/District of Columbia statute situation posited by *Hutcherson* and the instant case in which the two statutes are both D.C.Code provisions.

■ The discretion to choose under which statute to prosecute is vested in the prosecuting attorney and the grand jury. If the facts show a violation of two or more statutes, an election may be made to prosecute under either. *Berra v. United States, su-*

the property of any person or of another person, in whole or in part, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

**2.** The rule of lenity, as set out in *Bell v. United States*, 349 U.S. 81, 83, 75 S.Ct. 620, 99 L.Ed.

905 (1955), is not properly invoked in the present case because the penalty provision of § 22–2307 is clear. It is not rendered ambiguous by the different penalty provision of § 22–507.

*pra; United States v. Liddy,* 542 F.2d 76 (1976); *United States v. Shepard,* 169 U.S. App.D.C. 353, 515 F.2d 1324 (1975); *Deutsch v. Aderhold,* 80 F.2d 677 (5th Cir. 1935). This discretion is necessarily broad. *See Newman v. United States, supra. See also Fay v. Miller,* 87 U.S.App.D.C. 168, 183 F.2d 986 (1950).

■ In the absence of an express statement of congressional intent, the courts are obliged to permit enforcement of both statutes. *United States v. Shepard, supra,* 169 U.S.App.D.C. at 365, 515 F.2d at 1336. Thus, it is not valid to argue that where the statutes cover identical conduct, the latter in time should effect a repeal of the former. Repeals by implication are not favored. The Supreme Court in *Rosenberg v. United States, supra,* 346 U.S. at 294–95, 73 S.Ct. at 1163, reasserted the rule that

"[w]hen there are two acts upon the same subject, the rule is to give effect to both if possible. . . . The intention of the legislature to repeal 'must be clear and manifest.' . . . It is not sufficient . . . 'to establish that subsequent laws cover some or even all of the cases provided for by [the prior act]; for they may be merely affirmative, or cumulative, or auxiliary.' There must be 'a positive repugnancy between the provisions of the new law and those of the old.' " *United States v. Borden Co.,* 308 U.S. 188, 198 [60 S.Ct. 182, 183], 84 L.Ed. 181 [190 (1939)]. . . .

We find no such "positive repugnancy" as would operate to repeal the earlier statute —§ 22–507.

■ The language of both statutes is simple and direct. The words of the statutes should be construed according to their ordinary sense and with the meaning commonly attributed to them. *United States v. Thompson,* D.C.App., 347 A.2d 581, 583 (1975). If the meaning of a statute is plain on its face, resort to legislative history or other extrinsic aids to assist in its interpretation is not necessary.

It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms. . . .

Where the language is plain and admits of no more than one meaning, the duty of interpretation does not arise . . . .
[*Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).]

■ Finally, we reject appellee's argument that § 22–2307 is in *pari materia* with § 22–2306 (which specifically refers to extortion), and that, therefore, the two sections should be read together as addressing extortion. It is true that subsequent to their passage both sections were placed by the codifier in the District of Columbia Criminal Code under Chapter 23, which is entitled, LIBEL—BLACKMAIL—EXTORTION. However, these sections, as passed by Congress in Title X of the Omnibus Crime Control and Safe Streets Act of 1968, were entitled, "Prohibiting Extortion and Threats in the District of Columbia". *See* Pub.L. No. 90–351, 82 Stat. 238 (June 19, 1968). While certainly § 22–2307 would apply to extortionate threats, this equivalent rather than subordinate reference to extortion and threats reveals that Congress was proscribing threats as an offense in and of itself without the element of extortion as a requisite objective. Accordingly, § 22–2307 cannot be read as implicitly proscribing threatening extortionate conduct only.

■ We thus conclude that no specific intent to extort can be read into the statute as an element either for reasons of legislative history or because a misdemeanor statute proscribes identical conduct. Section 22–2307 does not suffer from vagueness, ambiguity, or constitutional infirmity on due process/equal protection grounds, and the indictment may not be dismissed for these reasons.

■ As to the final issue, we find that the allegations of the indictment were sufficient to charge an offense. An indictment is required to perform two functions:

(1) it should inform the accused of the charge against him by listing the elements of the offense charged; and (2) it should be sufficiently specific to protect the accused against double jeopardy. *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). These criteria are met by the indictment in the instant case. There is no basis to hold that the indictment must charge that the offense was committed "knowingly and intentionally." Such is implicit in the nature of the accusation of a general intent crime. The indictment followed substantially the language of the statute and, in so doing, adequately set out all the necessary elements of the offense. While such repetition of statutory language is not always sufficient to constitute an adequate indictment, *see Russell v. United States, supra* at 764, 82 S.Ct. 1038, the indictment also particularized the date of the offending conduct and stated the species of unlawful communication at issue, *i. e.*, a threat. "Threat" has a particular meaning and distinguishes a particular class of language which is prohibited. Thus, the indictment adequately descended to particulars and was sufficient to inform and protect appellee. *See United States v. Cruikshank*, 92 U.S. 542, 558, 23 L.Ed. 588 (1876). Any other lack or insufficiency in the indictment of which appellee might complain can adequately be cured by a request for a bill of particulars. *See* Super.Ct. Crim.R. 7(f).

In *Bush v. United States*, D.C.App., 215 A.2d 853 (1966), this court examined an information charging threats under D.C. Code 1961, § 22–507, and held that the information was sufficient even though the actual threat was not spelled out in the indictment.

The offenses with which appellant was charged were spelled out clearly on the faces of the informations. Modern pleading does not require the "prolix, laborious and redundant allegations, well known to an earlier day * * *." The absence of the particular facts constituting the offenses did not prevent the informations from charging the offenses. [*Id.* at 856; footnotes omitted.]

Since the specific threat prohibited under § 22–2307 is identical to § 22–507, it follows that an indictment merely setting forth "threat" is equally as adequate as the information in *Bush*.

We find the indictment in the instant case to have been sufficient in all respects. Accordingly, we reverse the order of the trial court dismissing the indictment, and remand with directions to reinstate.

*So ordered.*

MACK, Associate Judge, dissenting:

I would affirm the trial court's dismissal, without prejudice, of this indictment, for in my opinion specific intent to extort is an element of the crime proscribed by D.C. Code 1973, § 22–2307.[1]

Admittedly, statutory language which is plain and unambiguous must be given effect—but not when a literal approach leads to absurd consequences and thwarts the manifest purpose of the statute.[2] Our task is not simply to determine whether or not certain words are "ambiguous"; our task is to discover and effectuate the purpose or object of the statute. Thus, regardless of surface clarity and apparent lack of ambiguity, nothing "preclude[s] consideration of persuasive evidence if it exists."[3] For words are inexact tools at best, and for that reason there is wisely no rule of law forbidding resort to explanatory legislative history no matter how "clear the

---

1. Section 22–2307 reads as follows:

    Whoever threatens within the District of Columbia to kidnap any person or to injure the person of another or physically damage the property of any person or of another person, in whole or in part, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

2. Karl N. Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes Are to Be Construed*, 3 Sutherland, Statutory Construction 133, 138 (4th ed. C.D.Sands 1974).

3. *Boston Sand & Gravel Co. v. United States*, 278 U.S. 41, 48, 49 S.Ct. 52, 54, 73 L.Ed. 170 (1928).

words may appear on 'superficial examination.' " [4]

The pertinent legislative history is succinct and compelling. Sections 22–2306 and 22–2307 of the D.C.Code were enacted into law as Title X of the Omnibus Crime Control and Safe Streets Act of 1968 by way of a last minute amendment introduced by Senator Tydings and approved moments later by the Senate (and later by the House). The wording of sections 22–2306 and –2307 is identical to that of the amendment which was introduced by Senator Tydings with the following explanation:

MR. TYDINGS. Mr. President, it is essential for the Senate—while it considers a national crime bill—to correct what appears to be a grave and damaging situation right here in Washington which threatens the commercial life of the city.

Every day reports come in, not only to me, but to my colleague from Maryland and the Senators from Virginia, of Washington merchants, and Marylanders and Virginians who own stores in the District of Columbia, who are being threatened and abused by *extortionists* and thieves. Every day, thugs walk into stores and demand or just take merchandise. And if the owner tries to stop them, they threaten to burn down his store. We hear of threats to merchants that if they attempt to rebuild stores burned out in the recent riots, they will be destroyed again. We hear reports of shakedowns and the protection racket here in the District of Columbia.

My amendment, which is similar to the one introduced in the House of Representatives by Mr. WHITENER and Mr. McMILLAN, would make *extortion and transmission of threats* to persons and property a felony punishable by $5,000 or 20 years' imprisonment, or both.

There is no general prohibition of *extortion* in the District of Columbia Code today. The only Code provision dealing specifically with extortion is a 1902 law, section 22–1302 of the District of Columbia Code, dealing with false recordation of land records with intent to defraud. Section 22–2305, concerning blackmail, includes only threats to publish disgraceful accusations for the purpose of extorting funds or influencing conduct. Not covered are threats of injury to person or damage to property.

The amendment would create a new title V, making the present reversability provision title VI.

*The extortion title has two sections.* The first section, 1001 [§ 22–2306], prohibits *extortion* for money or other thing of value. The second section, 1002 [§ 22–2307], prohibits *threats designed to influence conduct,* such as threats to burn out a merchant if he attempts to locate his business in a certain area. These threats must be convincing threats, clearly believable and intended to be acted upon, against particular persons. Generalized or vague threats are not enough.

Specifically, section 1001 prohibits three kinds of action, when they are perpetrated "with intent to extort from any person, firm, association or corporation, any money or thing of value:" First, any demand for ransom for a kidnapped person; second, any threat to kidnap or any threat to injure any person; and, third, any threat to injure the property or reputation of any person.

*Section 1002 [§ 22–2307] prohibits extortion intended to affect conduct, rather than to extract money.* It prohibits threats to kidnap or injure any person or damage his property, regardless of the reason for the threat.

All offenses would be punishable by up to $5,000 fine and 20 years' imprisonment.

As chairman of the Senate District Committee's Subcommittee on Business and Commerce, I recently held hearings on the riot damage and the District's

---

4. *Harrison v. Northern Trust Co.,* 317 U.S. 476, 479, 63 S.Ct. 361, 363, 87 L.Ed. 407 (1943), *quoting United States v. American Trucking Assn's,* 310 U.S. 534, 543–44, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940). *See also Newspaper Guild v. Levi,* 176 U.S.App.D.C. 276, 283 n. 1, 539 F.2d 755, 762 n. 1 (1976) (Tamm, J., dissenting).

rebuilding plans. I know the importance of this bill. Whether these reports of extortion are true is not the point. The fact is there is no general law on *extortion* in the District of Columbia at all now. We should enact such a law in any case. But it is particularly urgent now to give citizens and businesses in the District of Columbia the kind of assurance they need that the law will protect them against *extortion*.

\* \* \* \* \* \*

[114 Cong.Rec. 14778 (1968) (emphasis added).]

This is highly persuasive evidence that the congressional aim in enacting section 22–2307 (like that in enacting section 22–2306) was the proscription of extortion.[5]

Two additional factors buttress this conclusion. One is simply the fact that there was already a statute dealing with "simple" threats.[6] The second and more important factor is the penalty provided for violation of section 22–2307: *i. e.*, a five thousand dollar fine or *up to twenty years' imprisonment* or both. The fact that the same penalty was provided in section 22–2306 suggests that the crimes were considered to be of equivalent seriousness, and require the same specific intent to extort. Moreover, twenty years' imprisonment is an exceptionally harsh penalty, as a review of other Code sections indicates,[7] and I am doubtful that Congress intended that the *threat* to injure, standing alone, would be

punished more harshly than an actual injury.[8] Yet that is the effect of the majority's literal reading of this statute.

I respectfully dissent.

---

5. The government has not ignored this legislative history but has attempted to minimize its impact by suggesting there is a gap between what the legislators intended to do and what they in fact did—an observation which I find somewhat strange in light of the purpose of legislative explanations.

6. D.C.Code 1973, § 22–507:
   Whoever is convicted in the District of threats to do bodily harm shall be fined not more than $500 or imprisoned not more than six months, or both, and, in addition thereto or in lieu thereof, may be required to give bond to keep the peace for a period not exceeding one year.

7. Compare the twenty year maximum penalty provided in section 22–2307 with the following: assault with intent to kill, or rape, or rob—not less than 2 nor more than 15 years (§ 22–501);

assault with a dangerous weapon—not more than 10 years (§ 22–502); bribery—not more than 3 years (§ 22–701); obstructing justice—not more than 3 years (§ 22–703); blackmail—not more than 5 years (§ 22–2305); grand larceny—not less than one nor more than 10 years (§ 22–2201); robbery—not less than 2 nor more than 15 years (§ 22–2901).

8. *Compare the twenty year penalty provided in* § 22–2307 for *threatening* to injure or to kidnap a person or to damage property, with: arson—not less than one nor more than 10 years (§ 22–401); malicious destruction of property worth more than $200—not more than 10 years (§ 22–403); and mayhem or malicious disfigurement—not more than 10 years (§ 22–506). Kidnaping carries a potential life sentence (§ 22–2101).