UNITED STATES of America, Plaintiff,

v.

Thomas Anthony SMITH, Defendant.

Crim. A. No. 92–38.

United States District Court,
E.D. Kentucky,
at London.

Feb. 12, 1993.

Robert F. Trevey, David P. Grise, Asst. U.S. Attys., Lexington, KY, for plaintiff U.S.

William E. Johnson, Anita M. Britton, Stoll, Keenon & Park, Frankfort, KY, for defendant Smith.

## OPINION AND ORDER

FORESTER, District Judge.

This matter is before the Court upon the motion of the defendant, Thomas Anthony Smith, to dismiss the indictment for a denial of due process rights, and the motions in limine of the plaintiff, United States of America, concerning post-crime cooperation and regarding an internal FBI operations manual.

On January 29, 1993, this Court conducted a hearing on the motions in limine of the United States. At the conclusion of that hearing, the Court deferred ruling on the motions in limine pending a hearing on Smith's motion to dismiss the indictment. On February 8, 1993, at the conclusion of the hearing on the motion to dismiss, the Court

denied the portion of Smith's motion to dismiss the indictment relating to an alleged breach of an agreement not to prosecute the defendant. The Court took the portion of the motion relating to an alleged denial of due process rights under advisement.

## I

Smith argues that the Court should dismiss the indictment because he contends that the United States violated his fifth amendment due process rights by engaging in "outrageous" conduct that offends "fundamental fairness." He alleges that FBI agents led him to believe that he would not be indicted if he cooperated. The United States responds that it did nothing to mislead Smith. Whether the government's conduct violates due process is an issue that the Court must determine. *See United States v. Payne*, 962 F.2d 1228, 1232 (6th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 811, 121 L.Ed.2d 684 (1992).

At the conclusion of the hearing on February 8, 1993, this Court found that Smith had not established by a preponderance of the evidence that the United States entered into an agreement not to prosecute him in exchange for his cooperation in an investigation of possible corruption in state government. The Court explained that the government witnesses consistently testified that they informed Smith that the United States would prosecute him but that it could move for a reduced sentence if he cooperated.

In light of the finding that Smith did not establish the existence of an agreement not to prosecute him, this Court cannot find that the government engaged in outrageous conduct. *Cf. United States v. Russell*, 411 U.S. 423, 432, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973) ("The law enforcement conduct here stops far short of violating that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment."); *United States v. Weaver*, 905 F.2d 1466, 1474 (11th Cir.1990) ("[T]his is not a case in which promises made in bad faith may constitute trickery so flagrant as to violate a defendant's constitutional rights."), *cert. denied,* — U.S. —, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991).

## II

The United States argues in its motion in limine concerning post-crime cooperation that the Court should not permit Smith to present evidence at trial of his cooperation with the FBI in the ongoing investigation of the Kentucky General Assembly. Smith contends that evidence concerning his cooperation is relevant to prove that FBI agents entrapped him. Specifically, he argues that his cooperation proves that FBI agents wanted to entrap him so that they would gain his cooperation in the investigation of the Kentucky General Assembly. The United States contends that the evidence is not relevant.

Rule 401 of the Federal Rules of Evidence provides:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Therefore, the issue is whether Smith's cooperation "is of consequence" to the entrapment defense. The United States Supreme Court recently explained this defense:

> Where the Government has induced an individual to break the law and the defense of entrapment is at issue, as it was in this case, the prosecution must prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents.

*Jacobson v. United States,* — U.S. —, —, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992).

The commentary to the Sixth Circuit Pattern Criminal Jury Instructions, citing relevant authority, provides:

> No instruction on entrapment need be given unless there is some evidence of both government inducement and lack of predisposition. It is the duty of the trial judge to determine whether there is sufficient evidence of entrapment to allow the issue to go before the jury. If there is, then the burden shifts to the government to prove predisposition. The government must

prove beyond a reasonable doubt that the defendant was predisposed to commit the crime.

The entrapment instruction, Instruction 6.03, requires the jury to find the defendant not guilty unless the government proves beyond a reasonable doubt "that the defendant was already willing to commit the crime."

According to Smith, evidence of his cooperation proves that the FBI agents had a motive to entrap him and proves that they induced him to engage in the alleged criminal activity. In *United States v. Robinson*, 763 F.2d 778 (6th Cir.1985), however, the district court excluded evidence that the defendant contended was relevant to show a motive for the FBI to entrap him. The defendant argued that the government needed to obtain federal charges to induce him to aid in another investigation. The Sixth Circuit Court of Appeals held that the district court did not abuse its discretion in excluding the evidence. First, the court explained that the particular evidence was not even probative of the FBI agents' motive. Second, the court stated that the government's motive is not relevant:

> In addition, the principal issue in an entrapment defense is whether the defendant was predisposed to commit the offense. In our view, the government's motive is irrelevant to this issue because even assuming that the government wanted to entrap [the defendant], this motive would not affect [the defendant's] "readiness and willingness" to commit the crime.

*Id.* at 782–83 (citations omitted).

In *United States v. Frost*, 431 F.2d 1249 (1st Cir.1970), *cert. denied*, 401 U.S. 916, 91 S.Ct. 896, 27 L.Ed.2d 817 (1971), the First Circuit Court of Appeals held that the district court properly excluded conversations that occurred after the defendant's arrest. The court explained:

> The requisite elements of entrapment must necessarily precede the criminal acts. We cannot comprehend what form of alchemy the appellant intended to employ to transmute post facto conversations into pre facto entrapment. The district court did not

err in declining appellant's invitation to view this experiment.

*Id.* at 1251.

In *United States v. Roell*, 487 F.2d 395, 400 (8th Cir.1973), the court explained that "[i]t is obvious that evidence pertaining to entrapment must, in order to be relevant, bear on the defendant's state of mind at the time he committed the illegal act." Expanding upon that principle, the court in *United States v. Carreon*, 626 F.2d 528, 535 n. 14 (7th Cir.1980), stated: "While it is true that predisposition turns on a defendant's mental state prior to commission of the crime, that mental state may be proved by relevant and admissible evidence concerning the defendant's actions either before or after commission of the crime."

Moreover, in *United States v. Hashagen*, 816 F.2d 899, 907 (3rd Cir.1987), the court explained:

> Because the focus of the entrapment defense is the subjective predisposition of the defendant to commit the crime, the conduct of a government agent more than five months later is of little if any relevance to the entrapment defense. Evidence concerning such conduct may therefore be excluded by the trial judge under the Federal Rules of Evidence.

The court held that evidence of any inducement leading up to the time of the commission of the crime was relevant to the question of the defendant's disposition "since the nature and extent of such inducements would bear directly on whether or not [the defendant] was a ready and willing participant in the transactions charged." The court explained, however, that an agent's or an informant's conduct five months after the crimes occurred has no relevance to the entrapment issue. *Id.*

Smith's cooperation "is of consequence" to the entrapment defense and therefore is relevant evidence if it tends to prove that the government induced Smith to commit the alleged criminal activity or if it tends to prove that Smith was or was not disposed to commit such activity prior to first being approached by government agents. Fed. R.Evid. 401; *see Jacobson*, —— U.S. at ——, 112 S.Ct. at 1539. Smith argues that his

cooperation proves a government motive to entrap him. That motive is relevant, he contends, because it proves inducement. As the United States points out, however, government agents could not induce Smith by a motive that Smith did not know. In other words, whether the government wanted to entrap Smith is not relevant because only the actions that government agents undertook can prove inducement. Furthermore, evidence concerning Smith's cooperation and the government's motive are not relevant to the issue of whether Smith was predisposed or already willing to commit the alleged criminal offenses, "the principal issue in an entrapment defense." *See Robinson*, 763 F.2d at 782–83. Smith's cooperation and the government's motive do not concern Smith's mental state or his disposition prior to his alleged commission of the crimes.

## III

█ The United States moves to exclude any evidence at trial regarding an internal FBI operations manual that Smith obtained through discovery. Smith wants to introduce the manual to prove that the FBI agents failed to follow its guidelines, but Smith fails to explain the relevance of that proof at trial. Such internal agency guidelines do not confer rights on any party. *See, e.g., United States v. Craveiro*, 907 F.2d 260, 263–64 (1st Cir.), *cert. denied*, 498 U.S. 1015, 111 S.Ct. 588, 112 L.Ed.2d 593 (1990). The law of entrapment governs this case, and whether FBI agents complied with internal guidelines is not relevant.

## IV

Accordingly, the Court, being well and sufficiently advised, hereby ORDERS:

(1) the motion of the defendant, Thomas Anthony Smith, to dismiss the indictment for a denial of due process rights [docket entry 24] is DENIED;

(2) the motion in limine of the United States concerning post-crime cooperation [docket entry 17] is GRANTED;

(3) the motion in limine of the United States regarding an internal FBI operations manual [docket entry 18] is GRANTED; and

(4) Smith may not present evidence at trial concerning his cooperation with law enforcement authorities or concerning the FBI operations manual.